HENRY J. GOODWIN et al., Appellants, *v.* LEOPOLD WER-
        THEIMER, Impleaded,. etc., Respondent.

Where a sale of goods was induced by fraud on the part of the vendee, and
    they have passed into the hands of an assignee for the benefit of creditors
    of the fraudulent vendee, and such assignee had no knowledge of the
    fraud when he took possession under the assignment, and no proceed-
    ings had been taken by the vendor to rescind the sale prior to the assign-
    ment, there must be a demand of the goods from the assignee and a
    refusal on his part to deliver before an action can be maintained against
    him by the vendor for the conversion, or to recover possession of the goods.
While the vendor, on discovery of the fraud, has a right to rescind the con-
    tract of sale, and to reclaim the goods, unless they have passed into the
    hands of a *bona fide* purchaser, and while the assignee, not being a pur-
    chaser for value, acquires no better title, as against the vendor, than the
    assignor had, as the assignee lawfully acquired title and possession, to
    change the character of the possession to a tortious one a. demand and
    refusal is necessary.

The assignee in such case, when he puts in issue the alleged wrongful detention and refusal to deliver, does not, by setting up also in his answer title in himself as assignee, waive the necessity of a demand.

A defendant may put his defense upon distinct and even inconsistent grounds.

In an action to recover possession of goods, a sale and delivery of which plaintiff alleged had been obtained by fraud, and which were at the time of the bringing of the action in the possession of an assignee for the benefit of creditors of the vendee, it appeared that plaintiff's attorney, a few days after the making of the assignment, went to the store where the goods were, and found there three persons, one of whom was one of the assignors. The attorney was informed that the assignee was not present, and that said assignor was in charge. The attorney then demanded delivery of the goods. The assignor in reply said he had no authority to give up the goods. It did not appear what authority he had, or in what capacity he was acting at the time. No other demand or refusal before the commencement of the action was proved. *Held*, that such demand was insufficient to sustain the action; that in the absence of evidence it could not be assumed that, in refusing to deliver, the assignor was acting in obedience to the orders of the assignee.

The refusal of a servant to deliver goods intrusted to him by his master on a demand by a stranger is not sufficient evidence to maintain replevin, either against the servant or master, where a demand and refusal is necessary to make the possession tortious, unless the servant acted under the direction of the master in refusing to deliver; and this, although the servant knew that the person making the demand was entitled to the property.

Whether a demand of the servant would be sufficient, when the master had concealed himself or was out of the jurisdiction, *quære*.

(Argued April 21, 1885; decided May 5, 1885.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 4, 1883, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial, as to defendant Wertheimer.

This action was brought to recover possession of certain goods which the complaint alleged plaintiffs sold to the defendant Goldsmith, the sale having been induced by fraud on the part of the vendees.

The material facts are stated in the opinion.

*William F. MacRae* for appellants. As matter of law, there was no necessity whatever for making any demand, because

the plaintiffs had never parted with their title. (*Noble* v. *Adams*, 7 Taunt. 59 ; 2 Marsh. 366 ; *Nichols* v. *Michael*, 23 N. Y. 267.) It is only where possession was rightful originally and the party subsequently converted the same, that a demand is necessary. (*Golightly* v. *Ryn*, Lofft. 88.) A demand is unnecessary where there has been an actual conversion. (*Davidson* v. *Donaldi*, 2 E. D. Smith, 121 ; *McPherson* v. *Newffer*, 11 Rich. 267 ; *Jewett* v. *Partridge*, 12 Me. 243 ; *State* v. *Patten*, 49 id. 383 ; *Kyle* v. *Gray*, 11 Ala. 233 ; *Gentry* v. *Madden*, 3 Ark. 127 ; *Carr* v. *Gale*, Dav. 328 ; *Chapin* v. *Siger*, 4 *McLean*, 378.) A sale or an assignment of the property constitutes an actual conversion. (*Kyle* v. *Gray*, 11 Ala. 233 ; *Goodwin* v. *Goldsmith*, 49 Sup. Ct. 103.) The very fact of taking an assignment is a conversion. .(*McCombie* v. *Davies*, 6 East, 538.) The exercise of dominion over property inconsistent with the owner's right constitutes conversion. (*Burroughs* v. *Bayne*, 5 H. & A. 296 ; *Heald* v. *Carey*, 11 C. B. 977 ; *Foulder* v. *Willoughby*, 3 M. & W. 540.) The assignee can have no better standing in court than his assignors have. He stands in their shoes. (*In Matter of Lewis*, 81 N. Y. 424 ; *Griffin* v. *Marquardt*, 17 id. 28 ; *Donaldson* v. *Farwell*, 93 U. S. 631.) The action of claim and delivery is a possessory action, and it is sufficient to make a demand upon any person in charge, whether as agent or servant. (*Williams* v. *Auditor*, 1 B. & Ad. 450 ; *Thompson* v. *Trail*, 9 D. & R. 31 ; 6 B. & C. 36 ; 2 C. & P. 334 ; *Medham* v. *Rawbone*, 7 Q. B. 771 ; 9 Jur. 274.) A demand is unnecessary where the facts show that it would be unavailing. (*Rogers* v. *Weir*, 34 N. Y. 471 ; Wells on Replevin, §§ 373, 374 ; *Cranz* v. *Croger*, 22 Ill. 81 ; *Sargent* v. *Sturm*, 23 Cal. 360.)

*Melville H. Regensburger* for respondent. As the assignee came into the possession of the goods innocently, his possession was not unlawful, and it was necessary for the plaintiffs to prove a demand for the property on, and a refusal by him to comply with such demand, before they could maintain this action against him. (*Jessop* v. *Miller*, 2 Abb. Dec. 449 ; *Hall* v. *Robinson*, 2 N. Y. 393 ; *Sluyter* v. *Williams*, 31 Super.

92; *Talcott* v. *Belding*, 36 id. 92; *Bliss* v. *Cottle*, 32 Barb. 322; *Stevens* v. *Hyde*, id. 181; *Scofield* v. *Whitelegge*, 49 N. Y. 259.) Where a demand is necessary before suit, it is not excused by showing that the defendant would not probably have complied, if one had been made. It matters not that the defendant has upon the trial contested the plaintiff's right to recover. (*Southwick* v. *First Nat. Bk.*, 84 N. Y. 420.) In order to entitle the plaintiffs to maintain their action, they were bound to prove a wrongful detention on the part of Wertheimer. Every fact essential to a recovery was put in issue. (*Roberts* v. *Chittenden*, 88 N. Y. 33; *Tooker* v. *Arnoux*, 76 id. 401; *Pelton* v. *Ward*, 3 Caines, 73.)

ANDREWS, J. This action is based upon the right of a vendor of goods to rescind the contract of sale, and to recover the goods, where the sale and delivery were obtained by the fraud of the vendee. The fraud in such case does not intercept the passing of the title to the goods to the purchaser, but the title acquired is defeasible, subject to the right of the vendor, on the discovery of the fraud, to reassert his original right and reclaim the property, unless it has come to the hands of a *bona fide* purchaser. (*Barnard* v. *Campbell*, 58 N. Y. 76; *S. C.*, 55 id. 461.)

The defendant Wertheimer is the assignee of Goldsmith & Co., the fraudulent vendees, under a general assignment made by them to the defendant for the benefit of creditors, and had possession of the goods in question as part of the assigned property at the time of the commencement of this action. But he was not a purchaser for value, and he acquired no better title, as against the plaintiff, than his assignors had at the time of the assignment. The trial court dismissed the complaint on the ground that there was no proof that the goods were demanded of Wertheimer before bringing the action. It is not claimed that Wertheimer was cognizant of the fraud committed by Goldsmith & Co. The legal title to the goods at the time of the assignment was in Goldsmith & Co., no proceeding having been taken by the plaintiff to rescind the

sale until after the assignment had been made.  The defendant Wertheimer, therefore, lawfully acquired the title and possession of the goods, but subject to the same right of reclamation in the plaintiffs, upon their rescinding the contract, as they before had against the assignors.  The original possession of Wertheimer being lawful, and not tortious, it was necessary to change the character of his possession by a demand and refusal before the plaintiffs could maintain an action against him for conversion, or to recover the goods.  (Addison on Torts, 312; *Holbrook* v. *Wight*, 24 Wend. 169; *Mount* v. *Derick*, 5 Hill, 455; *Pierce* v. *Van Dyke*, 6 id. 613.)  There was no proof that the plaintiffs demanded the goods of Wertheimer, personally, at any time.  It was shown, however, that the plaintiffs' attorney, a few days after the making of the assignment, and just prior to the commencement of the action, went to the store where the goods were, and found three persons, one of whom was Goldsmith, one of the firm of Goldsmith & Co.  He asked if the assignee of the Goldsmiths was there, and was informed that he was not, and that Goldsmith was in charge.  The witness then stated to Goldsmith that he was attorney for the plaintiffs, and in substance demanded the delivery of the goods on the ground that they had been obtained by fraud.  In reply Goldsmith said that he had no power or authority to give up the goods, as the firm had made a general assignment for the benefit of creditors.  It does not affirmatively appear what authority Goldsmith had, or in what capacity he was acting. The most that can be inferred from the evidence is that he had the custody of the assigned property for the assignee, and had been placed in charge by him.  It is insisted that the demand made of Goldsmith was sufficient to support the action against Wertheimer.  If Goldsmith in refusing to deliver the goods was acting in obedience to Wertheimer's orders, there would be no question.  But this cannot be assumed in the absence of any evidence on the subject.  The refusal of a servant to deliver goods intrusted to him by his master, on a demand by a stranger, is not sufficient evidence to maintain replevin against the servant, nor against the master when a demand and refusal

is necessary to make the possession of the defendant tortious, unless the servant acted under the direction of the master in refusing to deliver the goods. (*Mount* v. *Derick, supra.*) It can make no difference in respect to the sufficiency of the demand against the master, that the servant knew that the person making the demand was entitled to the property, or that the master's title was voidable. An agent or servant having the custody merely of goods cannot bind the principal by acceding to the demand of a third person, nor, on the other hand, by refusing to deliver the property. It may be that in a case like this, a principal by concealing himself, or going beyond the jurisdiction, so as to render a personal demand impracticable, would be deemed thereby to have conferred upon the custodian of the property an authority to answer a demand made by the true owner. This question does not arise in this case.

It is also insisted that the defendant by setting up in his answer title in himself, as assignee, waived the necessity of a demand. This claim is, we think, untenable. The answer of Wertheimer put in issue the allegation in the complaint, that the defendant wrongfully detained, and refused to deliver, the goods, and also set up his title under the assignment. A defendant may put his defense upon distinct and even inconsistent grounds. The authorities seem to be decisive that the plea of title was not a waiver by Wertheimer of his right to insist that he could not be made a wrong-doer, without proof of demand and refusal. (*Scofield* v. *Whitelegge*, 49 N. Y. 259; *Southwick* v. *First Nat'l Bk.*, 84 id. 420.)

We see no answer to the point upon which the suit was dismissed, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.