JENNIE L. M. WOODS, Respondent, *v.* CHARLES REISS, Appellant, Impleaded with Others.

*When defenses need not refer to any particular cause of action — a general denial not stricken out as inconsistent with affirmative defenses.*

Where the defenses interposed by an answer cover the entire complaint, it is not necessary, under the provisions of section 507 of the Code of Civil Procedure, to refer to the respective causes of action to which they are respectively intended to refer.

Under the provisions of section 507 of the Code of Civil Procedure, a defendant is permitted to interpose as many defenses as he has, and while a denial is not technically an affirmative defense, it may, under that section, be interposed with affirmative defenses, and it is error to strike it out on the ground that it is inconsistent with the other, and affirmative, defenses interposed in the action. .

APPEAL by the defendant, Charles Reiss, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 5th day of December, 1893, striking out the first defense contained in the defendant's amended answer.

*Benjamin Patterson,* for the appellant.

*Franklin M. Danaher,* for the respondent.

MAYHAM, P. J. :

This action was commenced to foreclose a mortgage which the plaintiff in her complaint alleged one Graham Martin had executed and delivered to Dudley Olcott, president of the Mechanics and Farmers' Bank, to secure the payment at maturity of all notes, checks, drafts, bills of exchange and commercial paper, drawn, made, indorsed or accepted by Graham Martin, and which have been or may hereafter be discounted by the Mechanics and Farmers' Bank of Albany. The complaint also alleged that the mortgagor, Graham Martin, after the making of the mortgage, became indebted to the Mechanics and Farmers' Bank on paper of the character mentioned in the same, which he failed to pay, and on which the bank recovered judgments, one for $1,041.58, and one for $3,026.99, neither of which had been paid, and that Olcott, as president of such bank, duly assigned the mortgage and all the obligations which it was

intended to secure to the plaintiff, and that Graham Martin has failed to pay the same.

The complaint also alleges that the defendant Reiss and several others have, or claim to have, some interest in or lien upon the mortgaged premises, or some part thereof, which accrued subsequent to the lien of the mortgage.

To this complaint the defendant Reiss interposed an answer in which he undertook to set up several separate defenses.

*First.* A general denial. *Second.* Alleges that at the time Graham Martin became indebted to the Mechanics and Farmers' Bank on notes, checks, drafts and indorsements discounted by such bank, the defendant Reiss had a lien on the real estate mortgaged by virtue of his judgment against Martin, and that at the time of the execution of the mortgage there was nothing due from Martin to the bank. *Third.* That all the papers referred to in the mortgage, on which Martin was indebted to the bank, were paid, and that the bank suffered no loss thereby. *Fourth.* That the bank recovered judgments against Martin in his lifetime, for the alleged debts secured by the mortgage, but that no executions, as required by statute, were issued upon such judgments, and that the executions alleged to have been issued in the actions specified in the complaint were null and void, in that they failed to contain the indorsement required by section 1433 of the Code. *Fifth.* That the execution specified in the complaint did not contain an indorsement directing the sheriff not to levy it upon the mortgaged property as prescribed by section 1433 of the Code. *Sixth.* That the judgments alleged in paragraphs 3 and 4 of the complaint have been paid and satisfied. The answer demanded judgment that the complaint be dismissed, with costs.

Upon these pleadings the plaintiff moved at Special Term to strike out the general denial unless the defendant elected to strike out the other defenses, which were claimed to be inconsistent with the denial therein, or that the other defenses in the answer be stricken out, as inconsistent with the first defense; and the defendant having failed or neglected to elect by which defense he would abide, the court on such motion struck out the denial in the answer, with costs, and from that order the defendant appeals.

The first subdivision of this answer, which was stricken out

on this motion, put in issue every material allegation of the complaint, and cast upon the plaintiff the burden of proving that her mortgage was a valid and subsisting lien as against this defendant, or against any lien which he might establish against the premises covered by the plaintiff's mortgage.

Ordinarily, a general denial in an answer would seem to be inconsistent with any allegation in avoidance of the facts set out in the complaint, because, if the existence of such facts are denied, and the facts themselves do not exist, no result could flow from them, and any attempt to avoid them would seem to be unnecessary and illogical, because it would, by implication, seem to admit that which was untrue for the purpose of avoiding the consequence of the falsehood.

But I fail to see that the other portions of the answer are so inconsistent with the denial as to justify the striking out of that defense, even if we assume that inconsistent defenses separately stated in the answer may be stricken out, which is doubted.

This defendant is made a party solely on the ground that he has, or claims to have, some interest in, or lien upon, the mortgaged premises accruing subsequently to the lien of the mortgage, and after the denial in his answer he alleges that his lien on the mortgaged premises existed under a judgment against the mortgagor prior to the attaching of the lien under the mortgage, and that the claims for which the mortgage was given had been paid. The other defenses set up were that the mortgagee had recovered judgments on its claim in an action at law for the demand, and that no valid execution had been issued for the collection of the same, and returned unsatisfied so as to authorize this foreclosure action.

I am inclined to the opinion that the defendant had a right to interpose these defenses under the provisions of section 507 of the Code of Civil Procedure.

It is true that these defenses were not numbered as required by that section, but no objection on that ground was raised on the motion, and we are not called upon to consider the effect of that omission here.

The defenses interposed, if proper, went to the entire complaint, and it was not, therefore, necessary to refer to the respective causes of action to which they were respectively intended to refer as required by that section. (*Crasto* v. *White*, 52 Hun, 473.)

But we are of the opinion that under the provisions of section 507 of the Code a defendant is permitted to interpose as many defenses as he has, and while a denial is not technically an affirmative defense, it may under that section be interposed with affirmative defenses, and, therefore, it was error to strike it out on the ground that it was inconsistent with the other affirmative defenses interposed in this action. In *Goodwin et al.* v. *Wertheimer* (99 N. Y. 157) the court say: " A defendant may put his defense upon distinct and even inconsistent grounds." In *Bruce* v. *Burr et al.* (67 N. Y. 240), where the defense of warranty of the solvency of the maker of a note, and also the defense of fraud of the maker in giving the note, were interposed, it was urged that the defenses were inconsistent, and that a rescission for the fraud could not, therefore, be properly claimed. The court, CHURCH, Ch. J., says: " The Code (§ 150) allows a defendant to put in as many defenses or counterclaims as he may have, and the objection of inconsistency between them is not available." That section is in the same language as section 507 of the Code of Civil Procedure.

In *Societa Italiana* v. *Sulzer* (138 N. Y. 472) O'BRIEN, J., says: "It is possible that an error was committed in compelling the defendant to elect which defense she would stand upon, and requiring her to abandon the other." But he holds that the defense stricken out was immaterial, as it did not set up a valid counterclaim. It cannot be said in this case that the defense of a general denial which was stricken out on this motion was immaterial.

The order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

PUTNAM, J.:

I am not clear that an answer should be allowed which denies the execution of the mortgage on which the action is brought, and the notes it was given to secure, and at the same time alleges payment of such notes; which denies the recovery of judgments on such notes, and at the same time alleges that no execution as prescribed by statute had been issued upon such judgments, and also alleges payment thereof. These defenses seem to be entirely and necessarily inconsistent. But the general denial contained in the

answer put in issue the allegations in the complaint, that Graham Martin died intestate at the city of Albany ; that he was insolvent ; that Mary Graham died intestate in the city of Albany, leaving her surviving the plaintiff, her only heir at law and next of kin, also the assignment by Dudley Olcott individually and as president of the Mechanics and Farmers' Bank of Albany, of the mortgage in suit and the notes it was given to secure to said bank, and the assignment by the latter to the plaintiff.

Such denials were not inconsistent with the other allegations in the answer. It appears that at the Special Term the defendant was directed to elect as between the general denial and the other defenses asserted in the answer, and failing to so do the first clause of the answer was stricken out. The effect of the order from which the appeal is taken was to strike out the denial of the assignments and other denials above referred to, not inconsistent with the other allegations in the answer, and on the issues made by which defendant had a right to a trial by a court or jury. Assuming that plaintiff was entitled to some relief, the order I think should not have stricken out the first clause of the answer absolutely, but only so far as it denied the execution of the mortgage and notes, or it should have provided that defendant might amend the same by excepting from his denial the execution of the mortgage and notes.

For this reason I concur in the result reached by Presiding Justice MAYHAM.

HERRICK, J., not acting.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.