(10 Misc. Rep. 756.)

### HENSEY v. HOWLAND.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

MASTER AND SERVANT—LIABILITY FOR TORTS—TROVER AND CONVERSION.

　　A servant cannot be held liable as for conversion of chattels of which he was put in custody by his master, and which he refused to surrender at the demand of another, though he may have reason to believe that the chattels belonged to such other.

Appeal from Eleventh district court.

Action by Edward Hensey against Dulany Howland for conversion. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

John Townshend, for appellant.

William John Wurburton, for respondent.

BISCHOFF, J. This is an action for the conversion of certain printing forms. The chattels in suit had been placed by plaintiff's vendor in the possession of the New York Herald, under a contract for certain printing work, in performance of which the use of such forms was required; the contract being made through the defendant, the superintendent of the New York Herald. Prior to the sale of the chattels to the plaintiff, a demand for their return was made of the defendant by the plaintiff's attorney, then acting on behalf of the vendor; and in reply a letter was received by him, bearing as heading "The Herald," and subscribed, "James Gordon Bennett. Dulany Howland, Superintendent,"—which was to the effect that a deposit would be required as a condition to the return of the goods. Recovery below was resisted by the defendant upon the ground that he was but an employé of Bennett, the proprietor of the Herald, and that he had not the possession of the chattels, and it is upon such ground that the appeal is rested.

It is true that a wrongdoer may not plead agency for another in extenuation of his wrongdoing; yet, on the other hand, a servant is not to be made liable as for a conversion of chattels of which he has the custody at the hands of his employer, and which he refuses to surrender at the demand of a stranger, and this, also, even where he may have reason to believe the stranger to have good title to the chattels. Goodwin v. Wertheimer, 99 N. Y. 153; Mount v. Derick, 5 Hill, 456. There appears to be no conflict as to the essential facts of the case, and it was shown that the plaintiff's vendor, in making his contract for the printing work, understood that the New York Herald was to assume the performance. His contract was "with the Herald, through Mr. Howland"; he knew that the defendant was "superintendent of the Herald"; he ordered the chattels "to be delivered to the New York Herald"; and he "employed the proprietor of the New York Herald to do this work." Thus, in making the agreement in accordance with which the goods were delivered, the plaintiff's vendor dealt knowingly with the defendant as an agent, and the goods were not then intrusted to the defendant's personal custody, but to the New York Herald. Possession was not, therefore, in defendant when dominion over the goods was originally transferred from the plaintiff's vendor to the Herald; and the evidence fails to show any change in this relation towards the same, either before or after their sale to the plaintiff. Not having possession, his failure to return the chattels upon demand cannot form the basis of an action against him for their conversion. 26 Am. & Eng. Enc. Law, p. 729d, and cases cited. And, while he may have had some control over or access to the goods, this appears to have been but in his character as servant,—the identity of his employer being fully disclosed to the parties,—and he was thus under no duty to comply with the demand made. Upon the facts disclosed, the recovery below is not to be sustained; and the judgment is therefore reversed, and a new trial granted, with costs to abide the event. All concur.