BERTHOLD LEVY and Others, Respondents, *v.* WALTER CARR and Others, Appellants.

*Vendor and vendee — right to rescind a contract because of fraud as against an assignee of the vendee, and as against a pledgee.*

A vendor has the same right to rescind a sale because of the fraud of the vendee whether the property sold is in the hands of the vendee or of his assignee for the benefit of creditors, and in either case to reclaim the goods sold. The only additional step which the vendor must take to recover the possession thereof from such assignee is to demand them from him before the commencement of the action.

Where the sale of property is induced by the fraud of the vendee, the title to the property sold vests in him notwithstanding the fraud, subject, however, to the right of the vendor to rescind the contract if he should so elect. If, however, before the contract be rescinded and the property reclaimed, the property sold passes, for a valuable consideration, in the usual course of business, into the possession of a third person, in pledge, without any notice to him of the wrongdoing on the part of the vendee, the rescission of the contract by the vendor does not operate to take away from such third person the right which he acquires to resort to the collateral pledged for the payment of the obligation which it was intended to secure.

APPEAL by the defendants, Walter Carr and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 24th day of May, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from three several orders, the first two of which were entered in said clerk's office on the 12th day of May, 1893, and the third of such orders on the 15th day of May, 1893, denying the defendants' motions for a new trial made upon the minutes.

*H. Aplington*, for the appellants.

*Wm. N. Cohen* and *Henry L. Scheuerman*, for the respondents.

PARKER, J.:

The plaintiffs, on August 25, 1891, contracted to sell to Walter Carr & Co. a quantity of beans, for which a thirty days' note was to be given.

The day following the beans were delivered and the note requested, but the giving of the note was deferred upon a statement being made that the member of the firm authorized to sign notes was out of town. Within an hour after the beans were delivered to Walter Carr & Co. one of that firm consulted with counsel upon the subject of a general assignment by the firm for the benefit of creditors, and the day following, August twenty-seventh, the firm did execute a general assignment to Robert J. Dean as assignee. Plaintiffs elected to rescind the sale, on the ground that it had been procured by the fraud of Walter Carr & Co., and demanded possession of the beans from the assignee. Their demand being refused, this action was brought to recover possession. If the possession of the beans had been in the assignee undoubtedly this judgment could stand. For the evidence was of such a character as authorized the jury to find as they did, that the sale of the beans was induced by the fraud of Walter Carr & Co. Had the beans passed from the possession of Walter Carr & Co. to their assignee, Robert J. Dean, in pursuance of the assignment, they would have been subject to the same right of reclamation in the plaintiffs, upon their rescinding the fraudulent contract, as existed against the assignors. In such cases the only additional step which a vendor must take to recover possession of the chattels in the hands of the assignee is to demand

them from him before commencing the action. This is so, because the assignee having lawfully acquired the title and possession of the goods, a demand and refusal becomes necessary in order to change the character of his possession. (*Goodwin* v. *Wertheimer*, 99 N. Y. 149.)

We have thus briefly called attention to the view upon which the case appears to have been tried on the part of the plaintiffs, and as it is presented on their behalf on this appeal. But such view wholly ignores the fact established by the uncontradicted evidence, that neither the possession nor the right of possession of these beans was ever in the general assignee of Walter Carr & Co. Upon this subject the undisputed evidence is, that on August 19, 1891, Walter Carr & Co. stored with Robert J. Dean & Co. certain merchandise, and received a negotiable warehouse receipt therefor. This receipt was indorsed by Walter Carr & Co., and together with a note for $6,000, also signed by them, and made payable at the Irving National Bank, was delivered to Robert J. Dean & Co. to be negotiated for the benefit of Walter Carr & Co., the warehouse receipt to be used as collateral for the note. Upon the back of the note payment thereof was guaranteed in writing by Robert J. Dean & Co. who were by a writing, also indorsed thereon by Walter Carr & Co., authorized to negotiate the note and collateral, and to thereafter take up the note, in which event it was provided that Robert J. Dean & Co. should be relegated to all the rights and remedies which by the terms of the note were given to the Irving National Bank. Robert J. Dean & Co. procured said note and negotiable warehouse receipt to be discounted by the Irving National Bank, Walter Carr & Co. receiving the proceeds. For fifteen years Walter Carr & Co. had been accustomed to store merchandise in the warehouse of Robert J. Dean & Co., taking negotiable warehouse receipts therefor, specifying the kinds and qualities of the merchandise stored, which they either negotiated on their own account or procured assistance from Robert J. Dean & Co. to that end. They were accustomed when Walter Carr & Co. should have procured a purchaser of some portion of the merchandise included in the warehouse receipts, to substitute other merchandise in its place. On August 25, 1891, the day on which it will be remembered the plaintiffs agreed to sell the beans in question to Walter Carr & Co., they addressed to Robert J. Dean & Co. the following letter:

" NEW YORK, *Aug. 25th,* 1891.

" Messrs. R. J. DEAN & Co.:

" DEAR SIRS.— We have about 100 bags beans going into your store to-day or to-morrow which we desire you to substitute for 200 bags peas sold on the dock for which you hold B. L.

" Yours, truly,

" WALTER CARR & CO."

Robert J. Dean & Co. assented to the proposed substitution, and the 200 bags of peas were released, and the beans, purchased by Walter Carr & Co., substituted in their place, which was in part consummated by their delivery to the warehouse of Robert J. Dean & Co. on August twenty-sixth, the day of their delivery to Walter Carr & Co. by these plaintiffs, the general assignment, as we have said, being made the day following. Thus it appears that, before the general assignment was made, these beans were delivered into the possession of Robert J. Dean & Co. in pledge.

Robert J. Dean & Co., being compelled to pay the note, became entitled to the collateral.

Assuming that at the close of the testimony it was established that Walter Carr & Co. had obtained the beans from these plaintiffs through fraud, and that before the commencement of this action a demand was duly made for their possession of the assignee of Walter Carr & Co., then this situation is presented. Walter Carr & Co., upon the delivery of the beans to them, in pursuance of their contract with the plaintiffs, became vested with the title and possession, notwithstanding the fraud, subject, however, to the right of the vendors to rescind the contract if they should so elect. (*Powers* v. *Benedict,* 88 N. Y. 605 ; *Goodwin* v. *Wertheimer, supra ; Wise* v. *Grant,* 140 N. Y. 593.)

But before the plaintiffs concluded to rescind the contract and reclaim the property, it passed in the usual course of business into the possession of Robert J. Dean & Co., in pledge, without any notice to them of wrongdoing on the part of the vendees, and in consideration of their releasing from the pledge, for the benefit of Walter Carr & Co., a quantity of merchandise of equal value. Rescission of the contract by the plaintiffs could not operate to take away from Robert J. Dean & Co. the right, which they had acquired,

of resorting to this collateral for the payment of the obligation which it was intended, in part, to secure, for the title and possession had become vested in persons protected, as a rule of necessity, from the original vendors.

The judgment should be reversed as to the defendants comprising the firm of Robert J. Dean & Co., with costs to the appellants to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed as to defendants comprising firm of R. J. Dean & Co., and new trial ordered, with costs to appellants to abide event.