SARAH J. CUSHMAN, Appellant, *v.* SAMUEL N. OOTHOUT, Respondent.

*Conversion — demand made on a servant, when insufficient against the master.*

In an action brought to recover damages for the conversion of certain household goods, it appeared that at the time of the conversion the goods were in an apartment house belonging to the defendant, having been taken there by a tenant who had mortgaged them to the plaintiff and had made default in the payment provided to be made by such mortgage; that the defendant had a janitor who had never been intrusted with the custody or control of the goods and had never been instructed by the defendant to withhold them from the plaintiff; that the plaintiff, meeting the janitor upon the street, demanded the goods from him and he refused to surrender them unless she paid a bill for storage, and also certain rent due for the use of the rooms where the goods had been stored.

*Held,* that, under the circumstances, the demand made on the janitor and his refusal to deliver were insufficient to sustain an action for conversion against the defendant, his master.

APPEAL by the plaintiff, Sarah J. Cushman, from a judgment of the County Court of Monroe county in favor of the defendant, entered in the clerk's office of the county of Monroe on the 1st day of June, 1894, dismissing the complaint upon the merits after a trial before the court and a jury, and also from an order entered in said clerk's office on the 15th day of January, 1895, denying her motion for a new trial made upon the minutes.

The action was for the conversion of household goods. It was originally brought in the Municipal Court of the city of Rochester, where the plaintiff recovered a verdict. It was retried in the County Court of Monroe county, where the defendant had a verdict.

*Hiram R. Wood,* for the appellant.

*James S. Havens,* for the respondent.

LEWIS, J. :

The household goods in controversy were placed in an apartment house belonging to the defendant by a Mr. Cook, a tenant of the defendant. Cook thereafter and while the furniture was in said house gave a chattel mortgage thereon to the plaintiff, as security for her indorsement of his promissory notes.

Plaintiff got title to the property mortgaged by the default of the mortgagor in paying such notes. The plaintiff sued for a conversion of the mortgaged property. Her claim is that she demanded of the defendant the possession of the property and that he refused to deliver it. Whether a demand was ever, in fact, made upon the defendant for the possession of the goods was a controverted question upon the trial. The plaintiff gave evidence tending to show that a demand was made upon the defendant personally and that a demand was also made upon the janitor of the defendant's apartment house, a Mr. Hagadorn, and that there was a refusal to deliver in both cases. The defendant testified that no demand was ever made upon him, but that, on the contrary, when the mortgagor, Cook, left the rooms in which the property was, the defendant called upon the plaintiff and requested her to remove the furniture from his building, as he wished to lease the rooms to another tenant. The plaintiff gave evidence tending to show that in the spring of 1893 she demanded possession of the property of Hagadorn, the janitor, whom she found upon St. Paul street in the city of Rochester; that Hagadorn refused to let her have the goods unless she paid a bill for storing them and also paid rent due for the rooms in which the goods had been stored.

The property, at the time of the alleged demand, was in defendant's building on Monroe avenue in another part of the city, and there was evidence tending to show that the janitor did not, at the time of the alleged demand, have the key to the rooms in which the furniture was, at the time, stored. Hagadorn was shown to have been employed at the time of the alleged demand and refusal in the capacity of a janitor simply.

He had never been intrusted with the control or keeping of the goods. He testified that he had never been instructed by the defendant not to deliver the goods to the plaintiff.

Assuming that the demand was made upon the janitor, as sworn to by the plaintiff's witnesses, we do not think his refusal to deliver possession constituted a conversion by the defendant. (*Goodwin* v. *Wertheimer*, 99 N. Y. 149.)

We agree with the trial court that there was not sufficient evidence to establish a cause of action, based upon the alleged transaction with the janitor on St. Paul street.

Defendant gave evidence tending to show that intermediate the times of the demands, as testified to by the plaintiff's witnesses, and the commencement of the action, he informed the plaintiff that he made no claim upon the goods, and that he wished her to remove them from his building, and that the plaintiff neglected so to do and allowed the goods to remain in the defendant's building for a long time thereafter before commencing her action. We fail to find any reason for disturbing the verdict.

The judgment and order appealed from should be affirmed.

BRADLEY, WARD and WERNER, JJ., concurred.

Judgment and order affirmed.