(27 Misc. Rep. 646.)

## WOLFF v. ZELLER.

(City Court of New York, General Term. May 26, 1899.)

ASSIGNMENT FOR CREDITORS—RECOVERY OF ASSIGNEE—REPLEVIN—DEMAND.

A contract of sale not having been rescinded or abandoned for fraud, but the purchaser having remained in possession of the chattels, and the seller having continued to hold the notes given for the purchase thereof, the seller cannot recover the goods of the purchaser's assignee for the benefit of creditors without a demand on him before suit to make the assignee's possession tortious.

Appeal from trial term.

Action by Louis E. Wolff against Lorenz Zeller, assignee for the benefit of creditors. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

Emanuel Eschwege, for appellant.

Edward Miehling, for respondent.

SCHUCHMAN, J. The action is brought to recover certain chattels of the value of $414.80, which plaintiff claims were delivered to the defendant's assignor, Joseph Herrmann, on the face and strength of certain representations made by said Joseph Herrmann to one Silverman (plaintiff's assignor) as to his (Herrmann's) financial condition, which representations were made on January 11, 1898, and the said chattels were delivered to said Herrmann on January 12, 1898. On June 2, 1898, the said Joseph Herrmann made a general assignment for the benefit of his creditors to the defendant herein. Plaintiff claims that prior to said assignment, and by reason of the fraud of the said Joseph Herrmann, the contract of sale for the aforesaid chattels was duly rescinded.

There is no proof of a valid rescission or abandonment of the contract of sale of the chattels by Silverman to Herrmann. The vendee, Herrmann, remained in possession of the chattels, and the vendor, Silverman, held and continued to hold the notes of the vendee given for the purchase thereof. Murray v. Harway, 56 N. Y. 337. By the assignment, the defendant assignee, as aforesaid, became lawfully possessed of the chattels, and, to make his possession a tortious one, a demand and refusal were necessary before suit could be brought against him to recover the chattels. There is no proof of a demand of the chattels on the assignee before bringing the action. Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404.

Judgment appealed from affirmed, with costs. All concur.