JOHNSTON v. SIMPSON CRAWFORD CO.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. PLEADING (§ 121*)—ANSWER—DENIALS.
    Under Code Civ. Proc. § 500, a denial in an answer of any knowledge or information sufficient to form a belief is a proper and sufficient form of controverting a material allegation of the complaint.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 245; Dec. Dig. § 121.*]

2. PLEADING (§ 358*)—FRIVOLOUS PLEADING—REMEDY.
    There is no provision for "striking out" a defense as "frivolous"; Code Civ. Proc. § 537, providing only for a judgment thereon.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1097; Dec. Dig. § 358.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PLEADING (§ 358*)—FRIVOLOUS PLEADING—REMEDY.

Plaintiff, whose motion is founded on matters in an answer being "frivolous," cannot invoke the provisions of Code Civ. Proc. § 538, which are only for striking a "sham" answer or defense.

[Ed. Note.—For other cases, see Pleading; Cent. Dig. § 1097; Dec. Dig. § 358.*]

4. PLEADING (§ 93*)—ANSWER—INCONSISTENT DEFENSES.

Under Code Civ. Proc. § 507, allowing as many defenses in the answer as defendant has, he may put his defense on distinct and even inconsistent grounds.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 189; Dec. Dig. § 93.*]

5. PLEADING (§ 364*)—MOTION TO STRIKE—IRRELEVANT MATTER—"IRRELEVANT."

The answer, in an action for injury to one while in defendant's employ, raising the question of the employment by defendant of such person, a material allegation of the complaint, is not "irrelevant," within Code Civ. Proc. § 545, allowing the striking out of irrelevant matter in a pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*

For other definitions, see Words and Phrases, vol. 4, pp. 3771–3772.]

Appeal from City Court of New York, Trial Term.

Action by Thomas Johnston against the Simpson Crawford Company. From an adverse order, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Ralph W. Botham, for appellant.

Robert H. Ernest, for respondent.

GILDERSLEEVE, P. J. The action is brought to recover $2,000, under the employer's liability act (Laws 1902, p. 1748, c. 600), for loss of services and medical attendance resulting from injury to plaintiff's infant son, while in defendant's employ, through the alleged negligence of defendant. In paragraph 3 of the complaint plaintiff alleges that:

"Upon information and belief, on or about the 17th day of April, 1908, the said William Johnston [plaintiff's said son] was in the employ of the defendant as a delivery boy; his chief or principal duties being to assist the driver of one of defendant's wagons in the delivery of merchandise to defendant's customers."

In the answer the defendant "denies that it has any knowledge or information sufficient to form a belief as to each and every allegation" contained in this paragraph of the complaint. Plaintiff made a motion for an order striking out from the answer this denial, on the ground that it is "irrelevant, redundant, frivolous, and raises no issue." The motion was granted, and defendant appeals from the order entered thereon.

Section 538 of the Code provides that:

"A sham answer or a sham defense may be stricken out by the court, on motion, and upon such terms as the court deems just."

Section 545 provides that:

"Irrelevant, redundant or scandalous matter, contained in a pleading, may be stricken out upon the motion of a person aggrieved thereby."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 537 provides that:

"If a demurrer, answer or reply is frivolous, the party prejudiced thereby, upon a previous notice to the adverse party, of not less than five days, may apply to the court, or to a judge of the court, for judgment thereon, and judgment may be given accordingly."

Section 500 provides that:

"The answer of the defendant must contain (1) a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; and (2) a statement of any new matter, constituting a defense or counterclaim, in ordinary and concise language, without repetition."

It will be seen, therefore, from the above-quoted sections of the Code, that a denial in the answer of any knowledge or information sufficient to form a belief is a proper and sufficient form of controverting a material allegation of the complaint. It will also be observed that there is no provision for "striking out" a defense as "frivolous," as the statute provides for a judgment thereon only. Furthermore, as the motion was not founded on a claim of the defense being "sham," plaintiff cannot invoke the provisions of section 538 of the Code, above quoted. It must, therefore, be concluded that this motion was made under section 545 alone, and on the sole ground of irrelevancy and redundancy, as there is no claim that the defense is scandalous.

Section 507 of the Code provides that:

"A defendant may set forth in his answer as many defenses or counterclaims, or both, as he has."

And he may put his defense upon distinct and even inconsistent grounds. Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404; Bruce v. Burr, 67 N. Y. 237; Woods v. Reiss, 78 Hun, 78, 29 N. Y. Supp. 263. A perusal of the answer in the case at bar fails to show redundancy in the defense in question, and it can hardly be termed irrelevant, as it raises the question of the employment by defendant of plaintiff's said son, which is a material allegation of the complaint. Had plaintiff based his motion on the ground that the defense was sham, under section 538 of the Code, or had he moved, under section 537 of the Code, for judgment on the ground of frivolity, other questions would have been raised, which it is unnecessary to discuss here, as the order striking out the defense cannot be sustained on the ground specified in the motion.

The order is reversed, with $10 costs and disbursements. All concur.