Societa Italiana Di Beneficenza, Respondent, *v.* Catherine Sulzer, Appellant.

When upon an appeal to this court it appears that the cause of action stated in the complaint involves a sum less than $500, jurisdiction to review the judgment will not be obtained by the mere fact that what purports to be a counterclaim for a greater amount appears upon the record, where upon an examination of the pleading it is plain that no facts are stated which would enable defendant to recover or give proof under it.

*It seems,* a defendant may set up as many defenses as he may have, whether inconsistent or not.

In an action upon a contract in writing the answer, after putting in issue the making of the contract, set up as a counterclaim that, at the time of and preceding the execution of the contract, the persons representing plaintiff made certain statements as to the benefits defendant would derive, which were untrue; it was not claimed that any fraudulent statement was made and no breach of the written agreement was alleged. At the opening of the trial the court required defendant's counsel to elect whether he would rely upon the defenses set up in the answer or the counterclaim, on the ground that they were inconsistent; she elected to rely on the defenses. *Held,* that, conceding the ruling to be erroneous, the contract must be presumed to express all the binding stipulations of the parties, and as the counterclaim interposed did not state any facts constituting a defense or counterclaim, no evidence could be given under it, the ruling did not harm the defendant and so, was no ground for reversal.

Where a contract in writing is made by one person in the name of and for the benefit of another, for whom he claims to act as agent, the alleged principal has such an interest therein that he may maintain an action thereon.

(Argued May 5, 1893; decided June 6, 1893.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 20, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lorenz Zeller* for appellant. The defendant on the motion of plaintiff's attorney was compelled to elect to proceed upon

the alleged counterclaim in the answer as being a counterclaim or defense. This was error. (*Garner* v. *Mangam*, 93 N. Y. 642; *Goodwin* v. *Wertheimer*, 99 id. 149; *Bruce* v. *Burr*, 67 id. 237.) There is no proof whatever that these three men who signed the alleged contract were the committee appointed by the united Italian societies or the plaintiff corporation, and the proof of the appointment must be made by the production of the records or books of the corporation containing the entry or resolution of appointment. (*Owings* v. *Speed*, 5 Wheat. 424; *Fister* v. *La Rue*, 15 Barb. 323.) To ascertain the real meaning of the word " united " it was proper for the defendant to show acts and representations of a similar character as those made to the defendant under similar circumstances. (*Hill* v. *Naylor*, 18 N. Y. 588.) The exclusion of the testimony offered by the defendant, as to what the defendant did in reliance upon the committee's representations, was clearly an error. (*Taylor* v. *Guest*, 58 N. Y. 262; *Bruce* v. *Burr*, 67 id. 237; 36 Hun, 465; 38 id. 577.) In actions of this kind it is proper and material for a witness to state whether he would have done certain things but for the alleged representations. (*King* v. *Fitch*, 2 Abb. Ct. App. Dec. 515.)

*Warren W. Foster* for respondent. It was right to compel defendant to elect either to stand on her alleged counterclaim and to affirm the contract or abandon the counterclaim as such and to stand on the alleged facts as a defense. (*Lipman* v. *Works*, 128 N. Y. 63; *Mayo* v. *Knowlton*, 134 id. 250; *McIntyre* v. *Bull*, 132 id. 196.) There being no order denying a motion for a new trial in the case, the exceptions only can be reviewed. (*Boos* v. *W. L. Co.*, 64 N. Y. 236.) The case contains no certificate or statement or proof that the case on appeal contains all the evidence, and, therefore, this court cannot say that the order denying a motion for a new trial is erroneous as contrary to or against the weight of evidence. (*Boyer* v. *Brown*, 1 Hun, 615; *Porter* v. *Smith*, 107 N. Y. 531; *Murphy* v. *Board of Education*, 6 N. Y. Supp. 99.)

This court has no jurisdiction to entertain an appeal from the judgment herein. (Code Civ. Pro. § 191; *St. Clair* v. *Day,* 89 N. Y. 357; *Brown* v. *Sigowmey,* 72 id. 122; *Roosevelt* v. *Linkert,* 67 id. 447.)

O'Brien, J. The action was brought to recover upon a written contract of a peculiar nature. It is admitted by the answer that the plaintiff is a domestic corporation, and that it holds by assignment whatever claim the parties who signed or executed the contract could enforce against the defendant. The complaint avers that on June 29, 1889, certain united Italian societies in the city of New York, for and in behalf of the plaintiff, a corporation organized for benevolent purposes, entered into an agreement with the defendant whereby, in consideration of the promise or agreement of such societies to hold their annual picnic and festival on her grounds, which were a park or place maintained for such purposes by her, she agreed to pay to these societies, for the benefit of the plaintiff, four hundred dollars. The festival was held upon these grounds, but the defendant never paid the sum so agreed upon. The answer, after putting in issue the making of the agreement, avers for defense and counterclaim, in a separate count, that the alleged agreement was signed by three persons who claimed to be a committee of the united Italian societies, who stated to the defendant that they represented all said societies; that they were united and not split up; that they were composed of many thousand persons; that it would be the largest picnic ever held in New York, and large profits would be derived therefrom, but they did not in fact represent all the societies; that they were not united but split up; that but a small number of persons attended, and that she went to great expense in preparing for it by employing persons to attend upon them and in purchasing goods therefor, and that, owing to the small attendance, she sustained a loss by the contract. It was not claimed that any fraudulent statement was made. The written contract is a very brief one. It states that "the undersigned committee," in behalf

of the societies, for the plaintiff, " hereby engage the use of
the grounds of the above-named place " for the purpose of the
picnic and summer night's festival, and they agreed to be gov-
erned by the rules and regulations adopted by the defendant
for the good conduct and government thereof, as set forth in
a paper attached to the contract, under the penalty of forfeit-
ing all right or claim to the use of the park and all moneys
paid or deposited on account thereof.   The defendant, on her
part, agreed to pay the $400 for holding the festival in her
park.   At the General Term, the defendant's counsel stated
that he did not rely upon a breach of any of the covenants in
the agreement, but upon the exceptions taken at the trial.
This referred to another defense set up in the answer, to the
effect that the rules of the park, which were made part of the
contract, had been violated, and, consequently, the contract
was forfeited by the sale of wine and cigars by the societies
or the committee at the festival, as such sales were expressly
prohibited.   That question had been submitted to the jury at
the trial and a finding had in favor of the plaintiff, and the
court below was not asked to pass on any question growing
out of it.   Therefore, there are no questions here but such as
were raised by exceptions at the trial, and there are but one or
two exceptions that require any notice.   1. At the opening of
the trial the court, at the request of plaintiff's counsel, required
defendant's counsel to elect whether he would rely upon the
defenses set up in the answer as a defense merely or a counter-
claim, on the ground that they were inconsistent.   The defend-
ant's counsel excepted to this ruling.   2. At the close of the
case defendant's counsel moved to dismiss the complaint on
the ground, among others, that the contract was not proved.
This was denied and exception taken.   In regard to the last
question, it is sufficient to say that the writing was produced
and on its face purported to have been made by the committee
for the plaintiff.   It was a contract made by others for the
benefit of the plaintiff, and it, therefore, had such an interest
in the claim as enabled it to maintain the action.   (*Lawrence
v. Fox*, 20 N. Y. 268.)   In this view the assignment was not

necessary, although it is possible that the parties who signed the contract could, as the officers or representatives of unincorporated societies or associations, maintain the action under § 1919 of the Code of Civil Procedure, and if they could the assignment would carry that right to the plaintiff. Under the present system of pleading a defendant may set up as many defenses as he may have, whether inconsistent or not. (*Bruce* v. *Barr*, 67 N. Y. 237; *Goodwin* v. *Wortheimer*, 99 id. 149; Code Civ. Pro. § 507.)

It is possible that an error was committed in compelling the defendant to elect which defense she would stand upon and requiring her to abandon the other, but if there was, it is wholly immaterial because no valid counterclaim was pleaded, and hence the defendant lost nothing by being required, in effect, to abandon a pleading that was clearly insufficient. The counterclaim did not allege any breach of the written agreement. All that it alleged was that the committee made oral statements at the time of and preceding the execution of the paper, which were mere expressions of opinion as to the number of people that would attend, and the benefit the defendant would derive from the festival. Even if they were not opinions but in the nature of promises, they were all merged in the writing, and it could not be enlarged or altered by proof of the parol statements and negotiations that preceded the final execution of the agreement. It is not claimed that there was any fraud or mistake, or that the writing itself does not embody all the obligations of the parties. Under such circumstances the writing must be conclusively presumed to express all the binding stipulations of the parties, and hence the pleading did not state any facts constituting a defense or counterclaim. The court might have held that no proof was admissible under it, and, therefore, the fact that the defendant abandoned it, under a ruling of the court requiring him to make an election, constitutes no ground of error. When the counterclaim is thus eliminated from the case, as it must be, the amount in controversy is less than $500, and consequently no appeal lies to this court from the judgment.

When it appears that the cause of action stated in the complaint involves a sum less than $500, this court will not obtain jurisdiction to review the judgment by the mere fact that what purports to be a counterclaim for a greater amount appears upon the record, but will examine the pleading, and if it is plain that no facts are stated which would enable the defendant to give proof under it or to recover any counterclaim in fact, will dispose of the appeal in the same manner as if no attempt whatever had been made to interpose a counterclaim.

The appeal should, therefore, be dismissed, with costs.

All concur.

Appeal dismissed.