JOHN J. SHELDON, as Administrator, etc., of MARY E. SHELDON, Deceased, Respondent, *v.* RUFUS HEATON, Appellant.

*Denial of knowledge or information—cannot be stricken out as frivolous or inconsistent.*

Where an answer contains a denial in either of the forms prescribed by section 500 of the Code of Civil Procedure, an issue is presented such as was raised by the plea of the general issue before the Code, and such denial cannot on motion be stricken from the answer as frivolous.

An answer denying any knowledge or information sufficient to form a belief as to the truth of the material allegations contained in a complaint, cannot be stricken out as frivolous, and it is only when the allegation of want of information relates to some affirmative allegation of defense, not putting in issue the allegations of the complaint, that it can be stricken out as frivolous.

The fact that a denial contained in an answer is inconsistent with other portions thereof, is not a good ground for striking out such denial.

APPEAL by the defendant, Rufus Heaton, from an order of the Supreme Court, made at the Warren Special Term and entered in the office of the clerk of the county of Clinton on the 16th day of November, 1893, striking out a portion of the defendant's answer as frivolous.

*James B. Stearns* and *G. H. Beckwith,* for the appellant.

*Wilmer H. Dunn,* for the respondent.

MAYHAM, P. J. :

This action was prosecuted to recover upon an alleged writing, claimed to have been executed by the defendant, in the following words and figures :

"$178.33.   Due Mrs. M. E. Sheldon, one hundred and seventy-eight 33-100 dollars.          R. HEATON.

"ROUSES POINT, *April* 29, 1863."

The complaint alleged that the sum specified in the due bill above set out was deposited by Mrs. Sheldon, now deceased, with the defendant at the date of that instrument to keep for her ; that on the 20th of June, 1893, plaintiff, as administrator, demanded payment of the same from the defendant, which was refused.

The answer first denied the complaint in the following language :

"The defendant denies any knowledge or information sufficient to form a belief as to each and every allegation in said complaint contained." The answer also sets up the Statute of Limitations, and also, separately, payment, satisfaction and discharge of all indebtedness to the plaintiff.

The plaintiff moves to strike out this denial as frivolous and also inconsistent with each and all of the succeeding allegations. The motion was granted on the ground that the denial was frivolous, with costs, and the defendant appeals.

More than thirty years had intervened between the date of the due bill and the demand, a period in which the defendant might well have forgotten the giving of the note, if genuine, or having no recollection of such an event, might well hesitate to trust his memory to make a positive denial.

Under such circumstances he should not be compelled to admit the truth of the complaint by failing to deny, nor should he be compelled positively to deny, when by a failure of memory it might turn out that his denial was false. To relieve a defendant from such a condition the Legislature provided for a verification in substance like the one under consideration.

Subdivision 1 of section 500 of the Code provides that the answer of the defendant must contain :

"First, a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."

This provision of the Code prescribes the method by which the defendant may put in issue the allegations of the plaintiff, and thus put him upon his proof. Failing to make such denial, the defendant is deemed to have admitted the allegations of the plaintiff's complaint, and relieved him from making proof thereof. In whichever form the denial is made, it presents an issue such as was raised by the plea of general issue before the Code.

Such an answer cannot be stricken out on motion as frivolous. (*Thompson* v. *The Erie Railroad Co.,* 45 N. Y. 468; *Wayland* v. *Tysen,* Id. 281; *Abernethy* v. *Knight,* 50 id. 673; *Jones* v. *Ludlum,* 74 id. 61.)

None of the cases to which we have been referred decide that an answer denying any knowledge or information sufficient to form a

belief of the truth of the material allegations of the complaint can be stricken out as frivolous. It is only when the allegation of want of information relates to some affirmative allegation of defense, not putting in issue the allegations of the complaint, that it can be stricken out as frivolous.

Nor is the objection that the other portions of the answer are inconsistent with the denial a good ground for striking out the same. Section 507 of the Code of Civil Procedure authorizes a defendant, in the manner therein named, to set up as many defenses and counterclaims as he may have, and, as we have seen in *Woods* v. *Reiss,* * the denial cannot be stricken out as inconsistent with the other defenses. (*Bruce* v. *Burr*, 67 N. Y. 237; *Goodwin* v. *Wertheimer*, 99 id. 149; *Societa Italiana* v. *Sulzer*, 138 id. 468.)

The principle seems to be settled in these cases that a denial will not be striken out because it is inconsistent with other defenses interposed in an answer.

For these reasons we think that the order of the Special Term should be reversed.

HERRICK, J.:

I concur. (See *Grocers' Bank* v. *O'Rorke*, 6 Hun, 19; *Becker* v. *Weisner*, 22 Alb. L. J. 156.)

Order reversed, with ten dollars costs and printing and other disbursements, with ten dollars costs at Special Term.