(19 Misc. Rep. 1.)

BALMFORD v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF STATE OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   December 28, 1896.)

EVIDENCE—BURDEN OF PROOF—PLEADING.

The burden of proving alleged facts essential to his cause of action, cast on plaintiff by a general denial, is not removed by an allegation of those facts on information and belief in a verified plea setting up an affirmative defense.

Appeal from city court of New York, general term.

Action by Thomas Balmford, administrator of Alfred Fogarty, deceased, against the Grand Lodge of the Ancient Order of United Workmen of the State of New York, on a certificate of membership. From a judgment of the general term of the city court (41 N. Y. Supp. 1106) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Isaac B. Barrett, for appellant.

J. Baldwin Hands, for respondent.

BISCHOFF, J.   The principal point in this case relates to a question of pleading, and is raised by the appellant's motion in the court below for a nonsuit, upon the ground that the plaintiff's cause of action had not been proven; and, while other questions of some interest arise in the litigation, they are not found to call for discussion here, since a reversal of the judgment must result from the error presented by the exception taken to the denial of this motion.

The plaintiff sues as the temporary administrator of one Fogarty, late a member in good standing of the defendant benefit association, and seeks to recover for his estate a death claim of $2,000, payable under the contract of membership made with the defendant by the intestate, and represented by the constitution and by-laws of the former, taken with the latter's application for benefits and the beneficiary certificate issued to him.   Fogarty had named a beneficiary of this death claim who predeceased him, and the plaintiff's demand was based upon provisions of the contract whereby, in the event of there being no designated beneficiary in life at the death of the member, nor then living his father, mother, wife, or child, the benefit should be "distributed by a proper administration to the relatives entitled thereto in accordance with the statute of this state," etc.

The complaint set forth this agreement, and alleged the death of Fogarty's father and mother, and that he left, him surviving, neither wife nor children, which allegations were denied generally by the answer.   The defendant then proceeded to the averments of a separate and distinct defense, founded upon a term of the contract not alleged in the complaint, but being set up as a modification of that contract through the enactment of certain provisions by the supreme lodge, to which body the defendant was subordinate, and by whose acts, in subsequently modifying the contract of membership and for benefits, Fogarty had agreed to be bound.   If, in fact, this defense were availing, the state of affairs alleged by the plaintiff as to the decease of the

42 N.Y.S.—56

intestate's father and mother, and others, would have rendered this sum of $2,000 due, not to the intestate's relatives nor to his estate, but to the supreme lodge, as matter of reversion; and therefore the defendant, in the course of this separate defense, alleged the necessary facts—the death of Fogarty with no surviving beneficiary, father, mother, wife, or children—upon information and belief, without which allegations the separate defense, which was required to be complete in itself (Code Civ. Proc. § 507; Loosey v. Orser, 4 Bosw. 391), would have been demurrable.

Upon the trial the plaintiff adduced evidence tending to show that Fogarty left no surviving wife or children, but at no stage was it made to appear that his father or mother, or both, had died prior to his death. When the plaintiff rested, a dismissal of the complaint was moved for failure of proof in this regard; but the trial justice held the defendant to be concluded, as to this, by the allegations of the answer, ruling that it was for the defendant to meet the prima facie case made out, and an exception was taken. Accordingly the defendant proceeded with its side of the case, placing in evidence all the documentary proof called for in support of the separate defense, but neither proved nor admitted the death of Fogarty's father and mother, and at the close of the case again moved that the complaint be dismissed for failure of proof as to the death of such persons, and for insufficiency of evidence in support of the cause of action generally. This motion was denied, under exception, and, at the plaintiff's instance, a verdict in his favor was directed.

Under the system of pleading adopted in this state, a defendant is at liberty to set forth in his answer such defenses as he may have, although inconsistent (Code Civ. Proc. § 507; Societa v. Sulzer, 138 N. Y. 472, 34 N. E. 193); and while the complaint may be aided, or proof upon the part of the plaintiff be dispensed with, through admissions or failure of denial in the answer, when a denial only is the purport of the defense, such is not the result where the allegations of the complaint are placed in issue by the answer, and a separate defense is set up, which proceeds upon the avoidance of liability, although upon the same state of facts. The issue, tendered by the complaint, as to the death of Fogarty's father and mother, was accepted by the answer; and the denial of the fact called upon the plaintiff to prove it, since it was essential to the cause of action. The allegation of that fact by the defendant, for the purposes of the separate defense, did not affect the force of the denial as framing the issue (Brady v. Hutkoff, 13 Misc. Rep. 516, 34 N. Y. Supp. 947); and since the inconsistency between the different defenses did not invalidate the answer as to any particular one (Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404; Ross v. Duffy, 12 N. Y. St. Rep. 584; Societa v. Sulzer, supra), the defendant was entitled to rely upon his general denial, and abandon his separate defense, so far as proof of these particular facts was required.

While the act of a litigant in making verification of a pleading which comprises inconsistent allegations of fact may be open to criticism, that criticism cannot extend to the value of an answer such as that before us, for the purposes for which it was interposed, to put the plaintiff to his proof, or, if he failed to furnish it, to permit proof by the defendant

of the same facts, as a means to obtaining a judgment upon the merits of the separate defense. As a matter of fact the trial resulted in a failure of proof at all hands, but certainly with no admission by the defendant in aid of the plaintiff's case, which was consistently assailed throughout for insufficiency of evidence in its support.

That a denial of the allegations of the complaint called upon the plaintiff for his proofs, notwithstanding express allegations, conflicting with the denial, contained in affirmative pleas by the defendant, is held in Railroad Co. v. Kerr, 17 Barb. 581, 599; Amador Co. v. Butterfield, 51 Cal. 526; Botto v. Vandament, 67 Cal. 332, 7 Pac. 753; Rosentower v. Stein, noted in Abb. Tr. Brief Pl. p. 554. And the distinction between the admission in an attempted denial and an express allegation in a separate defense, succeeding a general denial, is noted in the case of Ferris v. Hard, 135 N. Y. 354, 32 N. E. 129. Whether or not an answer which contains a denial and subsequent allegation of a fact necessarily within the actual knowledge of the party verifying the pleading should be given support is a question which does not arise here, since the matter was properly one for pleading upon information and belief, and the case is well within the rule defined by the authorities.

Judgment below reversed, and new trial ordered, with costs to appellant to abide the event. All concur.