(22 Misc. Rep. 530.)

KELLY v. THEISS.

(City Court of New York, General Term. February 7, 1898.)

PLEADING AS EVIDENCE.
    Where an answer contains a denial of all the allegations of the complaint, and a separate affirmative defense inconsistent with such denial, allegations in the affirmative defense may not be relied on by plaintiff, as in the nature of admissions, to prove his cause of action.

Appeal from trial term.

Action by Bridget M. Kelly against John Henry Theiss and others upon a promissory note. From a judgment entered on an order dismissing plaintiff's complaint as against John Henry Theiss, she appeals. Affirmed.

Argued before McCARTHY, P. J., and O'DWYER and SCHUCH-MAN, JJ.

A. J. Westermayer, for appellant.
Fromme Brothers, for respondent.

O'DWYER, J.    This action was brought by the plaintiff against the respondent and others upon a complaint wherein it was alleged that "George Theiss" and "John Henry Theiss" (this respondent) were copartners in business, under the firm name and style of George Theiss & Bro., and that on the 23d day of June, 1896, the said George Theiss and John Henry Theiss made and executed a promissory note, a copy of which is set forth in the complaint, and signed "George Theiss & Bro." This respondent made answer, denying these allegations in toto, and putting in issue the material allegations of the complaint. The respondent, after these denials, and for a separate and distinct answer and defense, alleged "that he did heretofore make a promissory note signed G. Theiss & Bro., to the order of the plaintiff, dated at or about the time mentioned in said amended complaint, and for about the amount mentioned therein, but that it was then and there agreed by and between the plaintiff and this defendant that the same was to be formally executed as being payable on demand, but with the distinct understanding by and between this plaintiff and the defendant that the same was payable only when this defendant was financially in condition or able to pay, and that said defendant has not since the execution of said note, been, nor is he now, able to pay the same, and that, therefore, this action has been prematurely brought." On the trial, the plaintiff testified that her dealings were with George Theiss, and no proof was introduced showing any dealings with this respondent, or that he was the co-partner of George Theiss. At the close of the case, the complaint was dismissed as against the defendant; and, from the judgment entered thereon, this plaintiff appeals.

The note in suit having confessedly been signed by George Theiss alone, John Henry Theiss not having been in any way connected with the note, and there being absolutely no proof that there was any co-partnership between George Theiss and this respondent, although the complaint so alleged, the motion to dismiss the complaint was properly granted. It is urged, however, on this appeal, by the appellant, that proof of the co-partnership between George Theiss and this respondent was rendered unnecessary by the answer of this respondent, to wit, the matter contained in the allegations setting up a separate and distinct answer and defense. Under the system of pleading provided by the Code of Civil Procedure, a defendant is at liberty to set forth in his answer such defenses as he may have, whether inconsistent or not. Societa v. Sulzer, 138 N. Y. 472, 34 N. E. 193; Code Civ. Proc. § 507. And while the complaint may be aided, or proof upon the part of the plaintiff be dispensed with, through admissions or failure of

denial in the answer, when a denial only is the purport of the defense, such is not the result where the allegations of the complaint are placed in issue by the answer, and a separate defense is set up, which proceeds upon the avoidance of liability, although upon the same state of facts. The issue tendered by the complaint as to co-partnership of "George Theiss and John Henry Theiss," and the making and delivery of the note in suit by that co-partnership, was accepted by the answer; and the denial of the fact called upon the plaintiff to prove it, since it was essential to the cause of action. The allegations of that fact by the defendant, for the purpose of the separate defense, did not affect the force of the denial as framing the issue. Brady v. Hutkoff (Super. Ct. N. Y.) 34 N. Y. Supp. 947. And, since the inconsistency between the different defenses did not invalidate the answer as to any particular one (Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404; Ross v. Duffy, 12 N. Y. St. Rep. 584; Societa v. Sulzer, 138 N. Y. 472, 34 N. E. 193), the defendant was entitled to rely upon his general denial, and abandon his separate defense, as far as proof of these particular facts is required (Balmford v. Grand Lodge [Sup.] 42 N. Y. Supp. 881).

An answer may contain a direct or an implied admission of some fact alleged in the complaint. The admission is implied when the fact alleged in the complaint is not denied in the answer. It is direct when the admission is made in terms. Either form of admission of an allegation contained in the complaint is conclusive upon a defendant so long as it remains in the pleading, and the plaintiff can point to it as conclusive proof of the truth of his allegation. An allegation in answer setting up an affirmative defense which has no reference to and does not admit any allegation of the complaint is of an entirely different nature. Such allegation is not an admission contained in a pleading, which is conclusive so long as it remains in the record. An admission which so concludes a party admits something alleged or set forth in the pleading, to which the pleading containing the admission is answer. Ferris v. Hard, 135 N. Y. 354, 32 N. E. 129. The answer in the case at bar denied the existence of a co-partnership as alleged, and of the making and the delivery by that co-partnership of the note in suit. The separate defense alleged attempted to describe a note made by the respondent, with a special agreement affecting its payment. This was not an admission of the allegations of the complaint; and as those allegations were denied, and no proof offered in their support, the motion to dismiss the complaint was properly granted, and the order and judgment appealed from should be affirmed, with costs. All concur.