SPENCER v. WABASH R. CO. (six cases).

(Supreme Court, Appellate Division, Second Department. January 31, 1899.)

**1. CARRIERS—FAILURE TO TRANSPORT BAGGAGE—PLEADING—COMPLAINT.**
A complaint alleged that in January, 1898, defendant, for $200, paid to it by one L., acting for himself and as agent for a theatrical company, including plaintiff's assignors, agreed to transport said company and their baggage and personal effects from Kansas City to St. Louis on a special train; that defendant was informed of the nature of such baggage, and received the plaintiff's assignors as passengers, and placed the baggage in its baggage car on said train; and that defendant, disregarding its agreement, and its duty as a common carrier, did not safely transport said baggage to St. Louis. *Held* to state a cause of action on a special contract, the allegation as to defendant's disregard of duty as a common carrier being surplusage.

**2. SAME.**
The promise made to L., even if he were not the agent of the plaintiff's assignors, to transmit their baggage and personal effects, inures to their benefit.

**3. SAME—CONTRACT—RIGHT OF ACTION.**
For breach of a contract to transport the baggage and personal effects of the members of a theatrical company, each member may separately sue for the amount of his damages.

Appeal from special term, Queens county.

Six actions by Albert J. Spencer, as assignee of Walter Brister and others, against the Wabash Railroad Company, for loss of baggage. Demurrers to the complaints were overruled, and from the interlocutory judgments entered thereon defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. Noble Emley, for appellant.
Willam P. Burr (Delos McCurdy, on brief), for respondent.

GOODRICH, P. J. The demurrer was upon the grounds that all the parties to the agreement set out in the complaint must be made parties to the action, and also that the complaint does not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and from the interlocutory judgment entered thereon the defendant appeals.

The complaint alleges that the defendant is a corporation, and a common carrier; that the plaintiff's three assignors were members of a theatrical company engaged in the production of a play entitled "In Old Kentucky"; that in January, 1898, the defendant, for a consideration of $200, to be paid, and which was thereafter paid to it, by one Litt, acting for himself and as agent for the said company of actors and other employés, including the plaintiff's assignors, agreed to transport said company and their baggage and personal effects from Kansas City to St. Louis on a special passenger train; that the defendant was informed of the nature of such baggage and personal effects; that in pursuance of said contract the defendant received the plaintiff's assignors, and each of them, as passengers, and received and placed the baggage in its baggage car on said train; that the defendant, "disregarding the said agreement, and its duty as

a common carrier, did not safely transport to the said city of St. Louis, Missouri, said baggage" of the plaintiff's assignors, and did not deliver the same to them, though demand was duly made. The defendant's contention is that the complaint alleges a special contract between the members of the theatrical company and the defendant, and that the rights and duties of the parties must be adjudicated thereby, and not by any implied contract of the defendant as a common carrier. To concede this principle does not help the defendant. The facts out of which the cause of action arose are clearly set forth in the complaint, and, if the defendant elects to put these allegations at issue by answer, the action can be tried on the issues thus framed. It is true that the complaint has an allegation that the defendant disregarded its duty as a common carrier, but this is a conclusion of law to be derived from the facts alleged in the complaint. It is merely surplusage. The facts out of which the liability of the defendant arises are fully set forth.

In Parker v. Pullman (decided at the present term of this court) — N. Y. Supp. ——, we held that:

"Under our present system of pleading, a plaintiff is entitled to such relief as the allegations of the complaint justify, irrespective of the prayer for judgment. Emery v. Pease, 20 N. Y. 62; Wright v. Wright, 54 N. Y. 437; Williams v. Slote, 70 N. Y. 601; Wetmore v. Porter, 92 N. Y. 76. In the last case the court said (page 80): 'It has been repeatedly held, under the Code, that if the facts stated in the complaint show that the plaintiff is entitled to any relief, either legal or equitable, it is not demurrable upon the ground that the party has not demanded the precise relief to which he appears to be entitled.'"

The much-cited case of Lawrence v. Fox, 20 N. Y. 268, is authority for the proposition that the promise made to Litt, even if he were not the agent of the plaintiff's assignors, inures to their benefit. In Societa Italiana v. Sulzer, 138 N. Y. 468, 34 N. E. 193, Lawrence v. Fox was approved so far as to hold that, where a contract was made by others for the benefit of the plaintiff, it had such an interest in the claim as to enable it to maintain the action. In that case the contract was for the benefit of a corporation, and the action was brought in its name. Our decision and the authorities cited control the present appeal as to the second ground of demurrer.

In regard to the nonjoinder of all the members of the company, we are of opinion that each member has his separate right of action. In 1 Pars. Cont. (8th Ed.) p. 14, it is stated that if the contract contains distinct grants, or promises of distinct sums to distinct payees, they would then have several interests, and certainly may—perhaps must—bring separate actions; that contracts are joint where the interest in them for the parties for whom they are created is joint, and separate where that interest is separate; that the circumstances of each case, and the situation and relation of the parties, and the nature of the consideration are all to be looked into to see who is interested, and who has sustained damage arising from a breach of the contract, and whether such damage was joint or several. In Emmeluth v. Association, 122 N. Y. 130, 134, 25 N. E. 234, 235, Judge Vann, speaking of a certificate of insurance to 10 persons as members of an insurance club, said:

"The form of those certificates, however, is not here important, because it appears from the certificates of the plaintiff and Mr. Sandford that the interest of each of those persons was several, as it was founded on a separate consideration and an independent contract, and the promise, as alleged, was to pay to the members or their designated beneficiaries share and share alike. The action follows the nature of the interest, and, when that is several, separate actions may be maintained, even if the language of the promise is joint."

It is true that words of severance were used in the certificate in that case, but the court states the general rule of law in accordance with the doctrine laid down by Prof. Parsons. So, in Warner v. Ross, 9 Abb. N. C. 385, it is stated by Barker, J. (pages 391, 392) to be well established that, "when the language of the covenant is capable of being so construed, it may be taken to be joint or several, according to the interest of the covenantees." Here the allegation is that the contract was made by Litt, acting as agent of the company and the plaintiff's assignors, with the defendant, for the transportation of the property of the persons composing the company, including the plaintiff's assignors, and that the defendant received the baggage of each of the assignors of the plaintiff. Clearly, the "interest of the covenantees" is a separate interest of each assignor, in which no other person is interested. On this appeal from an interlocutory judgment overruling a demurrer to the complaint it must be held that the complaint alleges a several contract with each of the plaintiff's assignors for their separate property. It follows that an action is maintainable by each of the parties, and that it is not necessary to join as parties the other members of the company. The judgment should be affirmed, with costs.

Interlocutory judgments affirmed, with costs, with leave to defendant to withdraw demurrers and serve answers within 20 days on payment of costs of the demurrer in each case, and costs of one appeal to this court. All concur.