EPSTEIN v. HANKINSON.

(Supreme Court, Appellate Term. November 6, 1903.)

1. CONTRACTS—WORK AND LABOR—PLEADING—GENERAL DENIAL—ISSUES AND PROOF.

　　Where a complaint to recover the reasonable value of labor and materials furnished did not allege the number or quantity of mirrors alleged to have been furnished, etc., but alleged generally the furnishing of materials, and their value, and the amount remaining due, and defendant filed a general denial and a special defense admitting some work performed and some material furnished as alleged in the complaint, and the payment of $950 as the full and fair value of materials furnished and labor performed, the answer did not admit that a particular number of mirrors had been furnished, and hence defendant was entitled to prove that the number furnished was less than those charged for.

Appeal from City Court of New York.

Action by Samuel Epstein against J. Charles Hankinson. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

James, Schell & Elkus, for appellant.

Oscar Aaronson, for respondent.

FREEDMAN, P. J. The amended complaint alleges the furnishing of certain materials and the performance of certain services at the

instance and request of the defendant between March 1, 1901, and April 17, 1901, and that the fair and reasonable value of said materials and labor was $1,151.13, of which $201.13 remained due. Judgment was rendered for the balance claimed due. The defendant employed the plaintiff to place certain mirrors in a building on Broadway, which was being erected by the defendant as a contractor. No price was agreed upon as to the value of the work. When plaintiff completed his contract, he rendered a bill for the cost and placing of 25 mirrors. Defendant claimed that but 24 mirrors had been actually placed. Upon the trial the defendant offered in evidence a memoranda, prepared by Philip Wilke, of the number of mirrors actually installed, and their measurements, to sustain the defendant's claim that but 24 mirrors were supplied. This was excluded as incompetent, on the theory that the defendant's pleadings admitted that some of the goods had been delivered, and that they had been paid for. The defendant insisted upon his right to introduce such evidence under his denial of each and every allegation of the complaint, and excepted to the ruling excluding such evidence. The defendant then requested the witness Wilke to state from memory the size of the mirrors which he saw at No. 400 Broadway, but was refused the introduction of such evidence, and exception was taken. The same ruling and exception were made to the defendant's offer to prove by a plumber, who kept an account of the mirrors at the time of their setting up, the number furnished. The court charged the jury, at the request of plaintiff's counsel, that there was no dispute as to the number of mirrors supplied; that the defendant admitted the furnishing of the materials just as claimed by the plaintiff. Exception was taken to the charge on the ground that testimony showed that but 24 mirrors had been delivered, and the court was asked to charge that the defendant had given evidence on that point. Upon the refusal to so charge exception was taken.

An examination of the pleadings is convincing that the court below erred in excluding the offered testimony upon the theory that the total amount of the material furnished by the plaintiff had been admitted by the answer. A defendant may set forth in his answer as many defenses as he has, whether they are inconsistent or not, and may prove any or all of them. Code Civ. Proc. § 507; Brady v. Hutkoff, 13 Misc. Rep. 515, 34 N. Y. Supp. 947, affirmed 155 N. Y. 681, 50 N. E. 1115; Societa Italiana v. Sulzer, 138 N. Y. 472, 34 N. E. 193. A fair and reasonable construction of the pleadings in this case shows that the defendant intended to deny the performance on the part of the plaintiff in the manner and form set up in his complaint, and to admit a part performance, similar to that which the plaintiff alleges, and payment in full as to that. The general denial denies the furnishing of "certain material and the performance of certain services at the request of the defendant" and the value thereof. The special defense admits some work performed and some material furnished as alleged in the complaint, and the payment of $950, which sum it sets forth is the full and fair value of all the materials furnished and labor performed. It does not admit any number or quantity of material, for no number or quantity is set up in the complaint.

No matter what the separate defense set up, there was a denial of every allegation contained in the complaint, and under that denial the testimony offered by the defendant was admissible. Under a general denial the defendant must be permitted to controvert everything which the plaintiff is bound in the first instance to prove. Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388; Griffin v. L. I. R. R. Co., 101 N. Y. 348, 4 N. E. 740. The plaintiff herein charged the defendant with, and was bound to prove the delivery of, 25 mirrors, and under his denial the defendant had a right to show that but 24 had actually been delivered.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.