WERNEKOFF v. LINCOLN HOLDING CO.

(Supreme Court, Appellate Term. May 17, 1910.)

APPEAL AND ERROR (§ 1057*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action against a corporation for injuries to plaintiff through defendant's negligence in having an insecure plank over an opening on the fifth floor of a building, where defendant admitted that it was engaged in the construction of the building, but denied that it employed plaintiff, alleging that the injury was caused by plaintiff's own negligence, or by that of some third person, the exclusion of evidence that defendant was merely the owner of the building, and was engaged in its erection only through contractors, was prejudicial to defendant, though plaintiff testified that defendant's president engaged him, was acting as superintendent of the work, and actually directed him to do the particular work resulting in his injury; there being evidence that at the time of such alleged direction the contractor was present, and the nature of the occupation of defendant's president, and the purpose of his presence in the building, whether as actual superintendent, or as merely overlooking the work of the contractor, not being determinable without a knowledge of the circumstances under which the building was being constructed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199; Dec. Dig. § 1057.*]

Appeal from City Court of New York, Trial Term.

Action by Nathan Wernekoff against the Lincoln Holding Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Edward M. Grout and Paul Grout, for appellant.
Fried & Fried, for respondent.

BIJUR, J. Plaintiff alleges that defendant was engaged in the construction of a certain building, and that he was employed by the defendant, and injured through defendant's negligence in having an insecure plank over an opening on the fifth floor of the building. Defendant admits that it was engaged in the construction of the building, but denies specifically that it employed plaintiff, and denies any negligence, but alleges that the injury was caused by either plaintiff's own negligence or that of some third person. The trial court ruled that the admission in the answer that defendant was engaged in the construction of the building, notwithstanding the direct denial of the employment of the plaintiff by defendant, was tantamount to an admission that the defendant actually employed all the workmen on the building. Consequently the court excluded all evidence offered by the defendant to show that it was merely the owner of the building, and was "engaged in its erection" only through contractors. It is evident, how-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ever, that defendant's claim was that one of these contractors had employed the plaintiff. The exclusion of this evidence, which runs through the entire case, is based on a manifestly erroneous interpretation of the complaint. Clare v. National City Bank, 14 Abb. Prac. (N. S.) 326; Brady v. Hutkoff, 13 Misc. Rep. 515, 34 N. Y. Supp. 947, affirmed 155 N. Y. 681, 50 N. E. 1115; Balmford v. Grand Lodge, 19 Misc. Rep. 1, 42 N. Y. Supp. 881; Kelly v. Theiss, 22 Misc. Rep. 530, 49 N. Y. Supp. 1108.

Plaintiff contends that the exclusion was immaterial, because plaintiff testified that the president of the defendant company had himself engaged him, and was acting as superintendent of the work, and actually directed him to do the particular work which resulted in his injury. The testimony, however, shows that both at the time of the alleged employment and at the time of this alleged direction another person was present, evidently the contractor. The defendant was entitled to have the jury know the circumstances and conditions under which the building was being erected, in order to enable them to judge who actually employed the plaintiff, and who actually gave him the direction, particularly as plaintiff admits that the third person present (who was the contractor) engaged in conversation with him on both of these crucial occasions. Moreover, the nature of the occupation of defendant's president and the purpose of his presence in the building, whether as actual superintendent or as merely overlooking the work of the contractor, could not be determined without a knowledge of the circumstances under which the building was being constructed, namely, whether directly by defendant or through contractors. The exclusion of evidence on the points named was manifestly prejudicial to the defendant, and, as due exception was taken to all the rulings of the court in this respect, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.