(4 Misc. Rep. 124.)

NEW YORK & N. H. AUTOMATIC SPRINKLER CO. v. ANDREWS.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. ACTION ON CONTRACT—PERFORMANCE OF CONDITIONS PRECEDENT.

Plaintiff agreed to equip defendant's factory with automatic sprinklers, the contract reciting that the price should only be payable "after a certificate of approval shall have been issued by the New York Board of Fire Underwriters." *Held*, that plaintiff, having made this condition precedent, was bound by it, and could not sue for the price without first obtaining the certificate of approval, unless it was arbitrarily or unreasonably refused.

2. SAME—MATTERS NOT UNDER PLAINTIFF'S CONTROL.

After plaintiff had completed its work, the refusal of the board to give the certificate, on account of conditions over which plaintiff had no control, but which were entirely within the control of defendant, would not shield defendant from payment, because he could not take advantage of his own wrong to defeat the payment of a just claim.

3. SAME—EVIDENCE.

Where one of the reasons assigned by the board for the refusal of the certificate was that the premises were beyond the reach of a fully-organized, paid fire department, it was proper, in order to show that the withholding the certificate on this ground was arbitrary and unreasonable, to ask the inspector of the board if the premises were beyond the reach of a fully-organized fire department, and also, if the premises had been located in the Metropolitan District of the Board of Fire Underwriters, what would have been the use of that certificate.

Appeal from trial term.

Action by the New York & New Haven Automatic Sprinkler Company against James F. Andrews to recover the contract price of certain work, and also for extra work and services. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Frederick M. Littlefield, for appellant.

Billings & Cardozo, (Michael H. Cardozo, of counsel,) for respondent.

BOOKSTAVER, J. This action was brought against the defendant to recover upon two causes of action; the first being for the sum of $1,400, which the plaintiff claims the defendant agreed to pay for equipping his factory at Astoria, L. I. with its dry-pipe system of automatic sprinklers, under the terms of a contract between the parties dated September 19, 1889, and also for extra work, labor, and services on defendant's premises at Astoria to the amount of $123.69. The contract provided that the plaintiff should equip the factory in question in accordance with the rules and regulations of the New York Board of Fire Underwriters, and that the price of $1,400 should only be payable "after a certificate of approval shall have been issued by the New York Board of Fire Underwriters." The plaintiff proved that all the work contemplated by the contract had been done; that the equipment was examined by Mr. Van Giesen, the inspector of the Board of Fire Underwriters, frequently, both before and after the work was done,

who reported to the board that the premises had been fully equipped with automatic sprinklers, and he also testified that he had examined it, having the requirements of the contract in mind; and that all of the requirements of the contract were fully complied with by the plaintiff.   It further appeared on the trial that the Board of Fire Underwriters had refused to give a certificate for the following reasons:   (1) The premises were located beyond the reach of a fully-organized, paid fire department; (2) provision was not made to supply the pipes with water automatically upon the opening of a sprinkler head; (3) the pump was not of 500-gallon capacity per minute; and (4) there was no guaranty that steam would be maintained at all times to work the pump.   The plaintiff also gave evidence tending to show the extra work done by it, and the amount. Upon the close of the plaintiff's evidence the defendant moved to dismiss the complaint on the ground, as to the contract work, that no certificate had been issued by the Board of Fire Underwriters, which was a condition precedent to the payment, and, as to the extra work, on the ground that no authority had been shown to do that work.

The plaintiff itself, having made the condition precedent that the money for the contract work should not be payable until after a certificate of approval had been issued by the New York Board of Fire Underwriters, was bound by it, and could not maintain the action, as to that, unless it were arbitrarily or unreasonably refused by the board; but, if arbitrarily and unreasonably refused, then it could recover, notwithstanding such refusal.   Highton v. Dessau, (Com. Pl. N. Y.) 19 N. Y. Supp. 395; Thomas v. Fleury, 26 N. Y. 33; Bowery Nat. Bank v. Mayor, etc., 63 N. Y. 339; Nolan v. Whitney, 88 N. Y. 650; Smith v. Alker, 102 N. Y. 90, 5 N. E. Rep. 791; Doll v. Noble, 116 N. Y. 232, 22 N. E. Rep. 406; Flaherty v. Miner, (N. Y. App.) 25 N. E. Rep. 418; Thomas v. Stewart, 132 N. Y. 580, 30 N. E. Rep. 577; Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. Rep. 271.

In contemplation of the contract, the certificate ought to have been given when it was fully completed, provided there was no valid reason for the Board of Underwriters refusing the same.   The fact that the pump was not of adequate capacity, and that there was no guaranty that steam would be maintained at all times to work it, were conditions over which the plaintiff had no control, and were fully within the control of the defendant, and therefore the refusal of the certificate on that ground would not have shielded the defendant from payment, because he could not take advantage of his own wrong, and thus defeat the payment of a just claim.   We do not understand fully the second objection made by the board, which was in relation to there being no provision made to supply the pipes with water automatically.   There is no sufficient evidence in the case to inform us on that point.   The first objection may or may not have been a valid reason for withholding the certificate, according to circumstances and the rules of the Board of Fire Underwriters, which, from the evidence, appear to have been

changed between the time of making the contract and the completion of the work to be done under it, but what these changes were does not appear from the evidence. In order to show that the withholding of the certificate upon the ground last named was arbitrary and unreasonable, the plaintiff asked the following question of Mr. Van Giesen: "Were those premises in Astoria beyond the reach of a fully-organized fire department?" which was objected to by the defendant, and the objection sustained. He was also asked the question, if the premises which were located in Astoria had been located in the Metropolitan District of the Board of Fire Underwriters, what would have been the use of that certificate, which was also objected to by the defendant, and the objection sustained. To both of these rulings the plaintiff duly excepted. We think, under the peculiar circumstances of this case, these questions should have been allowed, as it was essential to the plaintiff to prove the withholding of the certificate, upon the ground that it was beyond the reach of a fully-organized, paid fire department, was arbitrary, and the questions tended directly to prove that, or at least to prove circumstances from which it could be inferred.

We also think that the evidence of extra work done, and the authority for doing it, was sufficiently established to require the submission of that question of fact to the jury, and it was error to dismiss the complaint as to it. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant, to abide the event. All concur.