ANTOINETTE L. MILBANK, Individually, etc., Respondent, *v.*
MORGAN JONES, Appellant.

Under a general denial in an action on contract, defendant may controvert
by evidence anything which plaintiff is bound to prove in the first
instance to make out his cause of action, **or anything he** is permitted
to prove for that purpose.

When in such an action plaintiff is permitted to prove a cause of action
other than that set forth in the complaint, defendant is entitled to the
benefit of any defense he may have to the cause of action established.
The pleadings will be regarded as amended so as to conform to plaintiff's
proof on the one hand and to cover any proof defendant may offer
which answers or defeats the case made against him; and so, defendant
is entitled to show that the cause of action was satisfied, extended or
modified in such a manner as to defeat any right of action upon it.

Plaintiff's complaint alleged in substance the receipt by defendant of $5,000
to be held in trust for plaintiff, the trust to be terminated at the election of
the latter on or after a day specified; that after that day plaintiff notified
defendant of his election to terminate the trust and demanded the money,
which defendant refused to pay. The answer was a general denial.
Upon the trial plaintiff was permitted to prove an agreement by which
defendant acknowledged receipt of the sum specified, which he agreed
to return to plaintiff in case a certain resolution of the common council
of New York city should not pass and take effect before a day specified.
Defendant offered to prove that plaintiff, subsequent to the making of the
agreement, extended the time for the passage of the resolution; that it
was passed and went into effect on the day specified; that defendant
delivered to plaintiff a certified copy thereof, and that the latter accepted
it as performance. This was objected to and excluded. *Held,* error.

(Argued January 30, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the
Superior Court of the city of New York, entered upon an
order made March 6, 1893, which affirmed a judgment in favor
of plaintiff entered upon a verdict directed by the court and
also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Joseph Fettretch* and *John M. Jones* for appellant. Defend-
ant must, under a general denial, be permitted to controvert

by evidence everything which the plaintiff is bound, in the first instance, to prove to make out his cause of action. (*Griffin* v. *L. I. R. Co.*, 101 N. Y. 354; *Wheeler* v. *Billings*, 38 id. 264.) Defendant was entitled to defeat the plaintiff's intestate's claim by showing that he had no cause of action at the time the action was commenced. (*Gilman* v. *Gilman*, 111 N. Y. 265; *Andrews* v. *Bond*, 16 Barb. 633–641; *Raynor* v. *Timerson*, 46 id. 525; *Creque* v. *Sears*, 17 Hun, 125; *Benson* v. *Hatch*, 43 id. 146.) Any evidence to disprove the allegations of the complaint was competent on the part of the defendant in denial and not as an affirmative defense. (*Dietrich* v. *Dreutel*, 43 Hun, 342; *Hebbard* v. *Haughian*, 70 N. Y. 59.) The plaintiff having given proof of a cause of action not pleaded, the defendant was entitled to defeat it by any evidence which he had under his control irrespective of his answer. (*Arnold* v. *Angell*, 62 N. Y. 512.) Defendant was entitled to go to the jury on the claim of the defendant that the trust had been terminated by the plaintiff on July 10, 1866. (*Lawrence* v. *Simons*, 4 Barb. 354, 358, 359.) It is not necessary to plead that the contract sued upon, whether in writing or verbal, was against public policy or public morals, but the defendant may, without pleading it, raise the question, upon the suggestion of the fact of the real character of the contract. However made to the court, the court should take knowledge of it and permit the facts to be proved, and either dispose of it by direction where the facts are undisputed, or submit the question to the jury, where it is one of fact, whether or not the contract is against public policy and public morals. (*Coppell* v. *Hall*, 7 Wall. 542; *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *Lee* v. *Johnson*, 116 id. 52; *Richardson* v. *Buell*, 77 Mich. 656; *Bottomly* v. *U. S.*, 1 Story, 135; *Martin* v. *Wade*, 37 Cal. 174, 176; *Twist* v. *Child*, 21 Wall. 450, 452.) It matters not that the evidence bringing the case within the rule of *malum in se* required the defendant to give proof of facts as to which the plaintiff had given no evidence. (*O'Brien* v. *McCann*, 58 N. Y. 376; *Nellis* v. *Clark*, 20 Wend. 24.)

*Ira Shafer* and *William H. Hamilton* for respondent. That the present plaintiff was properly substituted, and has title in both a representative and an individual capacity, was conclusively determined by the order of November fourteenth, which revived and continued the action. No new pleadings were necessary. (*Moore* v. *Hamilton*, 44 N. Y. 672; *Smith* v. *Zalinski*, 94 id. 519; *Gibson* v. *A. P. Bank*, 98 id. 87; *Greenwood* v. *Marvin*, 111 id. 423.) The decision of the Court of Appeals is the law of this case on all other questions raised at the trial. (*Moore* v. *M. N. Bank*, 18 N. Y. Supp. 296; *Milbank* v. *Jones*, 127 N. Y. 370; *Corn* v. *Rosenthal*, 22 N. Y. Supp. 700.) Illegality, if proved, would constitute no defense. (*Kinsman* v. *Parkhust*, 18 How. Pr. 289; *Brooks* v. *Marvin*, 2 Wall. 81; *P. Bank* v. *U. Bank*, 16 id. 500; *U. P. R. R. Co.* v. *Durant*, 96 U. S. 579; *W. U. T. Co.* v. *U. P. R. R. Co.*, 3 Fed. Rep. 428; *Burke* v. *Flood*, 1 id. 548; *Wann* v. *Kelly*, 5 id. 587; *N. M. L. Ins. Co.* v. *Elliot*, Id. 229.) Neither modification of contract nor waiver of complete performance can be shown under the general denial. (*Lauitz* v. *King*, 93 Mo. 513; *Eiseman* v. *H. Ins. Co.*, 74 Iowa, 11.) The judgment and order appealed from should be affirmed, with costs and ten per cent damages for delay. (*Cohen* v. *Mayor, etc.*, 128 N. Y. 594.)

O'BRIEN, J. This action was originally brought by the plaintiff's husband, who having died after the first trial, his widow, the present party plaintiff upon the record, was substituted in his place. On the first trial there was a verdict for the defendant, but the judgment was reversed by the Second Division of this court (127 N. Y. 370). On the second trial the court directed a verdict for the plaintiff and the judgment entered thereon has been affirmed at the General Term. In the disposition of this appeal it is only necessary to examine certain exceptions taken by the defendant at the trial to the exclusion of evidence. The cause of action stated in the complaint is that some time in the month of June, 1866, the defendant, as trustee for the plaintiff, received the sum of $5,000 in cash,

which he has ever since continued to hold in trust for the plaintiff. That by the terms of the. trust, under which the money was received, it was expressly provided, and the money was received upon the condition, that the trust might be terminated by the plaintiff at his election, on or after July 10, 1866. That in February, 1886, the plaintiff notified the defendant of his election to terminate the trust and demanded payment to him of the money, but the defendant neglected and refused to pay the same. The only defense interposed was a general denial. At the trial the plaintiff, in order to prove the allegations of his complaint, gave in evidence a resolution of the common council of the city of New York, authorizing and directing the street commissioner to make a contract for lighting the streets and public places with coal gas, the contract to be founded upon sealed bids and proposals and to be made · with the company giving adequate security, to be approved by the comptroller in the manner provided by law, which shall agree to do the same for the lowest price for each lamp or light per annum, or quantity, when it can be measured according to existing regulations, and affording to such company sufficient time to lay their mains and introduce gas as required by the contract. The resolution also contained some provisions as to the form of the contract and repealed all ordinances or resolutions inconsistent with its provisions. There was attached to this resolution, and offered in evidence with it, a paper of which the following is a copy.

"NEW YORK, *June* 14, 1866:

"Received of R. W. Milbank, five thousand dollars ($5,000), and also certificate for two hundred and fifty (250) shares of the stock of the People Gas Light Company of the City of New York, number seven (7), the said money and stock to be returned to said Milbank in case the resolution above shall not be passed and take effect before the 10th of July next.

"It being understood and agreed that said Milbank shall have the right at his election, in case said resolution shall pass and take effect before the said 10th of July, to purchase back

the said stock at any time within sixty (60) days from the time said resolution shall take effect, by paying to me fifteen thousand dollars ($15,000) therefor; and that he shall on his part be. bound to purchase the same and pay said fifteen thousand dollars ($15,000) therefor, within said sixty (60) days, at my election.

"MORGAN JONES.

"I assent to and join in the above understanding and agreement.

"NEW YORK, *June* 14*th*, 1866.

"R. W. MILBANK."

The defendant's counsel objected to this evidence upon the ground, among others, that it was incompetent and not within the issues made by the pleadings. The court overruled the objection and the defendant's counsel excepted. The plaintiff then proved by other documentary evidence that this resolution was vetoed by the mayor, and on the 10th day of July, 1866, was passed, notwithstanding the veto, and went into effect on that day. This was all introduced under the defendant's objection and exception, and the plaintiff having given this proof rested. The defendant's counsel moved to strike out this evidence upon the ground, among others, that it did not correspond with the allegations of the complaint, or tend to prove the cause of action alleged, but a different cause of action, and upon the same ground, to dismiss the complaint. These several motions were all denied and the defendant excepted. The defendant then offered to prove that after the veto he had a conversation with the plaintiff, who had signed the contract, in which, in substance, he stated to him that he would have to give back the money, as he could not procure the resolution to be passed within the time, to which the plaintiff, in substance, replied that he would not exact performance at the precise day, and further, that when the resolution was finally passed, the plaintiff called upon the defendant and furnished him with a .certified copy of the resolution, and he accepted it as performance. This evidence was objected to by the plaintiff on the ground, among others,

that it was not admissible under the pleading, which objection was sustained by the court and the defendant excepted. The questions involved in the appeal arise upon these exceptions. It will be seen that the cause of action alleged in the complaint was the receipt by the defendant, as trustee for the plaintiff, of a sum of money which, by the terms of the trust, could be recalled by the plaintiff on or after a specified day. That the defendant continued ever since the receipt of the money to hold the same under the trust which the plaintiff elected to terminate nearly twenty years afterward by notice, and thus became entitled to have it paid over to him. The parties doubtless knew to what transaction the pleading referred, but it must be admitted that a stranger could hardly anticipate the evidence given from any statement in the complaint. It was within the power of the court to amend the pleading to conform to the proof, and had it exercised that power it is quite probable that the defendant would not have been surprised. The court, however, admitted the evidence as proof of the facts alleged without any amendment, which was a ruling quite favorable to the plaintiff, and the only question now necessary to consider is the proof offered by the defendant to overthrow what had been *prima facie* established. What the plaintiff proved was an agreement on the part of the defendant to return to the plaintiff a sum of money if the resolution should not pass and take effect *before* a certain day named. He showed that the resolution did not pass before that day, and he had averred that for twenty years afterward the defendant continued to hold the money as his trustee. The defendant was entitled to prove any fact that contradicted the evidence given by the plaintiff in support of his complaint. Under a general denial the defendant may controvert by evidence anything which the plaintiff is bound to prove in the first instance to make out his cause of action, or anything that he is permitted to prove for that purpose under his complaint. (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 354; *Wheeler* v. *Billings*, 38 id. 263; *Schwarz* v. *Oppold*, 74 id. 307; *Gilman* v. *Gilman*, 111 id. 265, 270.)

Therefore, the defendant could prove that the resolution had taken effect before July 10, 1866, or on that day, if he also followed the latter fact by proof that the plaintiff extended the time within which the resolution could be passed in order to fulfill the condition upon which the defendant could retain the money as his own, discharged from the trust. In other words, he should have been permitted to show that the trust, under which the plaintiff alleged the defendant held the money for twenty years, had in fact been terminated, not *before* July 10, 1866, but on that day, by the passage of the resolution and the acceptance by the plaintiff of that as a substantial performance of the condition upon which the defendant received the money. If the plaintiff, after the writing was signed and delivered, directed the defendant to retain the money as his own, in case the resolution went into effect on the 10th of July, then he had no cause of action, for his interest in it as the beneficiary of a trust had ceased. The plaintiff was permitted to give evidence in support of the complaint that was not strictly admissible. The defendant then had the right to controvert the facts proven by showing what the actual transaction was. He could show that the transaction as to which the plaintiff gave proof never in fact took place, or that it was a different transaction from the one shown in fact or in legal effect. It was part of the plaintiff's case to show that the defendant all the time held for him a sum of money in trust. The defendant could controvert this by showing that the trust had been satisfied by the passage of the resolution on the 10th of July, and that the parties had agreed that after that date the defendant held the money in his own right and as his own, freed from all the obligations of the trust. So that the ruling was erroneous even upon strict rules of pleading as it precluded the defendant from giving proof necessarily embraced within his general denial. But it was admissible also upon another principle. When a plaintiff is permitted to give proof of a contract or obligation other than the one stated in the complaint, the defendant is entitled to the benefit of any defense which he may have to the cause of action

established. In such a case the plaintiff has proceeded in disregard of his pleading, and it would be manifestly unjust to deprive the defendant of the benefit of any legitimate defense that he may be able to prove in answer to the actual case made by the plaintiff. In this court, in such a case, the pleadings may be regarded as amended to conform to the plaintiff's proof on the one hand and to cover any proof that the defendant may offer which answers or defeats the case made against him on the other. (*Arnold* v. *Angell,* 62 N. Y. 512.) The evidence offered and excluded was not, of course, conclusive, but it tended to controvert the case made by the plaintiff, and its force and effect was a matter for the consideration of the jury. A cause of action proved but not pleaded may be met at the trial by proof that it was satisfied, extended or modified in such a way as to defeat any right of action upon it, and this was what the defendant attempted to show, and any proof was admissible that tended to show that the plaintiff had in fact no claim. Having denied all the allegations of the complaint, including the trust, he might show that the money came to his hands as compensation for services.

The defendant also offered to show that the transaction was for the purpose of influencing legislation before the common council with respect to the subject embraced in the resolution, and for that reason was contrary to public policy. (*Chesebrough* v. *Conover*, 140 N. Y. 382.) This offer was excluded on the ground that no such defense had been pleaded, and this ruling is sustained by the decision in the case when before the Second Division on the former appeal. We will not now inquire whether this view is strictly correct or not, as we are disposed to regard the decision as the law of this case at least.

For the reason stated the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.