NEW YORK & N. H. AUTOMATIC SPRINKLER CO. v. ANDREWS.

(Supreme Court, Appellate Division. Second Department. February 7, 1899.)

1. CONTRACTS—BREACH—GENERAL DENIAL—EVIDENCE.
    A contract for the erection of a system of automatic sprinklers in defendant's factory provided that it should be so erected as to drain back to central points. Held, that evidence showing that it did not and would not so drain, nor drain at all, was admissible, under a general denial, in an action on the contract.

2. WRITTEN CONTRACT—PRIOR NEGOTIATIONS—EVIDENCE.
    Where the situation of the parties to a written contract has any bearing on its construction, evidence of prior negotiations and conversations is competent to show the purpose for which the contract was made.

Appeal from trial term, New York county.

Action by the New York & New Haven Automatic Sprinkler Company against James F. Andrews. From a judgment in favor of plaintiff and from an order denying a new trial, defendant appeals. Transferred from First to Second department. Reversed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Raymond Reubenstein (Michael H. Cardozo, on the brief), for appellant.

George L. Allin, for respondent.

CULLEN, J. This action was brought to recover the contract price for furnishing to and equipping the defendant's factory with the dry-pipe system of the automatic sprinkler. The agreement be-

tween the parties was in writing, and consisted of a proposal on the part of the plaintiff and acceptance by the defendant. The proposal provided that the system should be equipped in accordance with the rules and regulations of the New York Board of Fire Underwriters, and that the contract price should be payable after a certificate of approval should have been issued by that board. The plaintiff failed to obtain the certificate of the underwriters; that board declining to issue the certificate for reasons relating to the water supply in Astoria, where the defendant's factory was situate, and also because there was no paid fire department in that vicinity. On the first trial of the action the complaint was dismissed, on the ground that plaintiff could not maintain the action until it procured the certificate. This judgment was reversed, on appeal, by the general term of the common pleas in the city of New York. 4 Misc. Rep. 124, 23 N. Y. Supp. 998. That court held that the requirement for a certificate from the board of underwriters was similar in character to the provision common in building contracts requiring a certificate from the architect in charge of the work, and that, if the plaintiff established that the certificate was unreasonably refused, the failure to obtain it would not prevent recovery. Upon the second trial the learned judge presiding submitted the case to the jury in conformity with the rule laid down by the general term. The plaintiff recovered a verdict, and from the judgment entered thereon this appeal is taken.

In our opinion, an error was committed, in the exclusion of certain evidence offered by the defendant, which requires a new trial, regardless of the main legal question decided by the general term on the first appeal. The contract provided that the system should be so erected as to "drain back to central points." The plaintiff necessarily alleged a performance of the contract. The answer denied this allegation. The defendant sought to introduce proof to the effect that the system did not and would not drain to central points, nor at all. This evidence was, on the plaintiff's objection, excluded. We cannot see why it was not entirely competent, under the pleadings as they stood, and without amendment to the answer. The requirement that the system should drain back to central points was an essential provision of the contract, or at least the jury might have so found. As it was incumbent on the plaintiff to allege performance of its contract, and, upon denial in the answer, to prove such performance, it was equally open to the defendant, under his denial, to disprove such performance by affirmative proof of defects so serious or radical as to affect the whole character of the work. In Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388, it was said: "Under a general denial, the defendant may controvert by evidence anything which the plaintiff is bound to prove in the first instance to make out his cause of action, or anything that he is permitted to prove for that purpose under his complaint." So, in Chatfield v. Simonson, 92 N. Y. 209, which was an action to recover for the professional services of an attorney, it was held that, under a general denial, the defendant might prove that the plaintiff violated his professional duty to him.

We are also of opinion that the evidence of the negotiations and conversations between the parties leading up to the written contract was improperly excluded. Of course, such conversations were inadmissible to contradict or vary the written agreement, but they were offered for no such purpose. The defendant's counsel stated that he offered them to show the situation of the parties with reference to the property and the purpose for which the contract was made. For this purpose they were competent (West v. Smith, 101 U. S. 263; Stoops v. Smith, 100 Mass. 63; 1 Greenl. Ev. § 277); provided, of course, that the situation of the parties had any bearing on the interpretation and construction of the contract. We think it had. If it be assumed, in accordance with the opinion of the learned common pleas, that on the face of the agreement the procurement of the certificate of the underwriters was not an essential feature of the contract, or an indispensable prerequisite to the plaintiff's recovery, we think it was permitted to the defendant to show, by the situation of the parties and their negotiations, that the certificate was a substantial part of the thing contracted for. In a building contract, as a rule, the real thing required is the building erected in conformity with the plans and specifications; and the certificate of the architect is of no value to the owner in itself, but solely as proof to him that the contract has been complied with. The architect, too, is the agent or employé of the owner. It was on this ground that the law relieving the builder from obtaining the architect's certificate, where that certificate was unreasonably refused, was first established. In Thomas v. Fleury, 26 N. Y. 26, it was said: "The architect was the defendant's agent, and, if he unreasonably and in bad faith refused the certificate, the plaintiff is not to be held responsible, but he may establish his right to recover by other evidence." In the present case, however, the board of underwriters was not the agent or servant of the defendant; and, if the excluded evidence had been admitted, it might very well appear that the certificate was required, not merely as evidence that the plaintiff had done the stipulated work, but for an independent value of its own. If such certificate enables an owner to secure insurance at less rates than he would be required to pay in the absence of the certificate, then it was an essential part of the plaintiff's contract that it should obtain the certificate. It might very well be that the defendant had no faith in the efficacy of the plaintiff's system as a protection against fire, and would not have agreed to pay a penny for it by itself, but was well content to buy the appliances at the contract price, on condition that the plaintiff also obtain the underwriters' certificate, which would lower the rates of insurance on the factory. The case would then be similar to that of Mittnacht v. Wolf, 6 N. Y. St. Rep. 44, an action for the price of fire escapes, where the defendant cared little for the escapes, but everything for the approval of the fire department, which the plaintiff in that action had agreed to obtain.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.