THE NEW YORK AND NEW HAVEN AUTOMATIC SPRINKLER COMPANY, Respondent, *v.* JAMES F. ANDREWS, Appellant.

*Contract — proof competent under a denial of its performance — negotiations and conversations competent in determining its construction — proof as to the importance of a certificate of the board of fire underwriters.*

In an action brought to recover the price for equipping the defendant's factory with an automatic sprinkling system, under a written contract which consists of a proposal on the part of the plaintiff and an acceptance by the defendant, and which provides that the system shall be so constructed as to "drain back to central points," the defendant, under an answer denying the performance of the contract, is entitled to introduce proof that the system did not and would not drain to central points or at all, and evidence of negotiations and conversations between the parties leading to the written contract, offered

by the defendant with a view to showing the situation of the parties with reference to the property and the purpose for which the contract was made, is competent where it appears that the situation of the parties bears on the interpretation and construction of the contract.

Where the proposal forming a part of the contract provides that the contract price shall be payable after a certificate of approval shall have been issued by the New York board of fire underwriters, the defendant may (assuming that, on the face of the contract, the procurement of the certificate was not an essential feature of the contract or an indispensable prerequisite to the plaintiff's recovery) show, by the situation of the parties and their negotiations, that the certificate was a substantial part of the thing contracted for.

APPEAL by the defendant, James F. Andrews, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of May, 1898, denying the defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*Raymond Reubenstein* [*Michael H. Cardozo* with him on the brief], for the appellant.

*George L. Allin,* for the respondent.

CULLEN, J.:

This action was brought to recover the contract price for furnishing to and equipping the defendant's factory with the dry pipe system of the automatic sprinkler. The agreement between the parties was in writing, and consisted of a proposal on the part of the plaintiff and acceptance by the defendant. The proposal provided that the system should be equipped in accordance with the rules and regulations of the New York board of fire underwriters, and that the contract price should be payable after a certificate of approval should have been issued by that board. The plaintiff failed to obtain the certificate of the underwriters, that board declining to issue the certificate for reasons relating to the water supply in Astoria where the defendant's factory was situate, and also because there was no paid fire department in that vicinity. On the first trial

of the action the complaint was dismissed on the ground that plaintiff could not maintain the action until it procured the certificate. This judgment was reversed on appeal by the General Term of the Common Pleas in the city of New York (4 Misc. Rep. 124). That court held that the requirement for a certificate from the board of underwriters was similar in character to the provision common in building contracts requiring a certificate from the architect in charge of the work, and that if the plaintiff established that the certificate was unreasonably refused, the failure to obtain it would not prevent recovery. Upon the second trial the learned judge presiding submitted the case to the jury in conformity with the rule laid down by the General Term. The plaintiff recovered a verdict, and from the judgment entered thereon this appeal is taken.

In our opinion an error was committed in the exclusion of certain evidence offered by the defendant, which requires a new trial, regardless of the main legal question decided by the General Term on the first appeal. The contract provided that the system should be so erected as to "drain back to central points." The plaintiff necessarily alleged a performance of the contract. The answer denied this allegation. The defendant sought to introduce proof to the effect that the system did not and would not drain to central points, nor at all. This evidence was, on the plaintiff's objection, excluded. We cannot see why it was not entirely competent under the pleadings as they stood, and without amendment to the answer. The requirement that the system should drain back to central points was an essential provision of the contract, or at least the jury might have so found. As it was incumbent on the plaintiff to allege performance of its contract, and, upon denial in the answer, to prove such performance, it was equally open to the defendant, under his denial, to disprove such performance by affirmative proof of defects so serious or radical as to affect the whole character of the work. In *Milbank* v. *Jones* (141 N. Y. 340) it was said: "Under a general denial the defendant may controvert by evidence anything which the plaintiff is bound to prove in the first instance to make out his cause of action, or anything that he is permitted to prove for that purpose under his complaint." So in *Chatfield* v. *Simonson* (92 N. Y. 209), which was an action to recover for the professional services of an attorney, it was held that under a general denial the defend-

ant might prove that the plaintiff violated his professional duty to him.

We are also of opinion that the evidence of the negotiations and conversations between the parties leading up to the written contract was improperly excluded. Of course, such conversations were inadmissible to contradict or vary the written agreement, but they were offered for no such purpose. The defendant's counsel stated that he offered them to show the situation of the parties with reference to the property, and the purpose for which the contract was made. For this purpose they were competent (*West* v. *Smith*, 101 U. S. 263; *Stoops* v. *Smith*, 100 Mass. 63; 1 Greenl. Ev. § 277), provided, of course, that the situation of the parties had any bearing on the interpretation and construction of the contract. We think it had.

If it be assumed, in accordance with the opinion of the learned Common Pleas, that on the face of the agreement the procurement of the certificate of the underwriters was not an essential feature of the contract or an indispensable prerequisite to the plaintiff's recovery, we think it was permitted to the defendant to show by the situation of the parties and their negotiations that the certificate was a substantial part of the thing contracted for. In a building contract, as a rule, the real thing required is the building erected in conformity with the plans and specifications, and the certificate of the architect is of no value to the owner in itself, but solely as proof to him that the contract has been complied with. The architect, too, is the agent or employee of the owner. It was on this ground that the law, relieving the builder from obtaining the architect's certificate where that certificate was unreasonably refused, was first established. In *Thomas* v. *Fleury* (26 N. Y. 26) it was said : "The architect was the defendant's agent, and if he unreasonably and in bad faith refused the certificate, the plaintiff is not to be held responsible, but he may establish his right to recover by other evidence." In the present case, however, the board of underwriters was not the agent or servant of the defendant, and if the excluded evidence had been admitted it might very well appear that the certificate was required, not merely as evidence that the plaintiff had done the stipulated work, but for an independent value of its own. If such a certificate enables an owner to secure insurance at less rates

than he would be required to pay in the absence of the certificate, then it was an essential part of the plaintiff's contract that it should obtain the certificate. It might very well be that the defendant had no faith in the efficacy of the plaintiff's system as a protection against fire, and would not have agreed to pay a penny for it by itself, but was well content to buy the appliances at the contract price on condition that the plaintiff also obtain the underwriters' certificate, which would lower the rates of insurance on the factory. The case would then be similar to that of *Mittnacht* v. *Wolf* (6 N. Y. St. Repr. 44), an action for the price of fire escapes, where the defendant cared little for the escapes, but everything for the approval of the fire department, which the plaintiff in that action had agreed to obtain.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred, except BARTLETT, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.