(32 Misc. Rep. 369.)
### WILSON v. J. H. FLICKINGER CO.

(Supreme Court, Special Term, Kings County. August, 1900.)

SALES—PLEADING—EVIDENCE.
> Where a complaint is for goods sold and delivered, and the plaintiff proves that the goods in question were sold by sample, it is error to refuse to allow the defendant, who has pleaded a general denial, to show that the goods delivered were not according to the sample.

Action by James W. Wilson against the J. H. Flickinger Company to recover for goods sold and delivered. From a judgment in favor of plaintiff, defendant files a motion for new trial. Motion sustained.

Edwin B. Smith, for the motion.
Booth & Deane, opposed.

HISCOCK, J. This was an action to recover under a complaint in the common form for goods, wares, and merchandise claimed to have been sold and delivered by Flaccus Bros. to defendant; the cause of action having been assigned to plaintiff. The answer was a general denial. Upon the trial, plaintiff, by his evidence, sought to establish the sale of a quantity of fruit jars by his assignors to the defendant. Instead, however, of establishing an ordinary sale, his evidence, if accepted, established a sale of said fruit jars by "sample." Outside of some other questions in the case, evidence was introduced upon the part of defendant to show that the jars for the value of which recovery was sought herein were not in accordance with the samples, but were defective in various and material respects. Defendant upon its side proposed to give more affirmative evidence upon this subject. This evidence was objected to, upon the ground that it was not admissible under defendant's answer of a simple general denial; and the court having sustained this objection, a verdict was directed for the plaintiff for the full amount of the claim.

Upon review of the case, I think that this was error, and that the defendant should have been allowed to present its evidence to sustain this issue, and have the same submitted to the jury. Plaintiff having established by his evidence that the sale, if at all, was by sample, it was necessary for him, as part of his case, and as a condition precedent to his recovery, to establish that the goods delivered to the defendant were up to and in accordance with the sample. Pope v. Allis, 115 U. S. 363, 371, 6 Sup. Ct. 69, 29 L. Ed. 393; Fogel v. Brubaker, 122 Pa. St. 7, 10, 15 Atl. 692. If he had properly alleged in his complaint that the sale was by sample, and that the goods delivered were in accordance therewith, defendant's, answer of a general denial would have raised the issue which it is now seeking to establish, namely, that said goods were not in accordance with the sample. The answer of the defendant did deny and raise an issue as to everything which the plaintiff alleged in his complaint. When plaintiff departed from the lines of his complaint, and established thereunder a different cause of action than he had alleged, defendant's answer should have been taken and treated so amended as to meet by the general denial the new features which the plaintiff introduced in his complaint. Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388. Under this view, it was error for the court to adopt the course which it did in excluding the evidence offered by defendant, and shutting out the issue which it sought to raise, and a new trial should be granted, which is hereby done, with costs to abide event.

Motion granted, with costs.