## WILSON v. J. H. FLICKINGER CO.

(Supreme Court, Appellate Division, Second Department. November 21, 1902.)

1. SALES—TIME OF DELIVERY—ORAL MODIFICATION—INSTRUCTION.

     Where, in an action for the price of goods to be delivered at a certain date, the plaintiff, who did not deliver the goods in time, introduced evidence of an oral modification regarding the time of delivery, he cannot complain of an instruction that, unless such oral modification is found, he cannot recover, for, without consideration of this question, he had no case for the jury.

2. SAME—ACTION FOR PURCHASE PRICE—GENERAL DENIAL.

     In an action for the price of goods, the defendant, under a general denial, may introduce evidence that the contract was canceled after the time

for delivery, which was of the essence of the contract, had expired, and before the goods were shipped.

Appeal from trial term, Kings county.

Action by James W. Wilson against the J. H. Flickinger Company. From a judgment for defendant, and from an order denying a motion for a new trial upon the minutes, plaintiff appeals. Affirmed.

See 66 N. Y. Supp. 541.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John T. Booth, for appellant.
Edwin B. Smith (Sands F. Randall, on the brief), for respondent.

WOODWARD, J. This action was brought to recover the price of a car load of glass jars alleged to have been sold and delivered to the defendant by the plaintiff's assignors, the firm of Flaccus Bros. The contract of sale was made by means of a personal visit on the part of one of the members of the firm of Flaccus Bros. to the defendant, a subsequent submission of samples, and an order for a car load of the goods of the same kind and quality as that of the samples; the same to be delivered in California on or about the 1st day of July, 1896. The goods were not shipped in time for delivery at the date agreed upon in the contract, and on the 6th day of August, 1896, the defendant telegraphed Flaccus Bros.: "Jars delayed too long. Cannot use this season. Cancel contract." The goods had not at that time been shipped, but a telegram was sent alleging that the goods were already on the way, although as a matter of fact they were not shipped until the 11th day of August, and did not arrive in California at their destination until about the 1st of September. The goods were subsequently rejected because of an alleged failure to come up to the requirements of the contract, in that they were not of equal quality with those of the sample lot. The defendant, in answering, made a general denial of the allegations of the complaint, and the questions presented upon this appeal are based upon alleged errors in the charge of the learned court and in the admission of evidence.

We have examined the questions thus presented, but we do not find reversible error. There is no dispute that the contract, as originally made, called for a delivery of the goods in California about the 1st of July, 1896; and the plaintiff was allowed to introduce evidence which had a tendency to show that this contract was modified by a subsequent verbal agreement, not between the original parties to the contract, but between the defendant and the manufacturer of the goods, which were not made by Flaccus Bros., but by a relative who lived in another town. The learned court, in charging that the jury should consider the question whether there was an oral modification of the terms of the contract regarding the time of delivery, and that if there was not such oral modification the plaintiff would not be entitled to recover, was clearly within the law, and the appellant would have real cause to complain if the court had failed to so charge, for without the consideration of this question the plaintiff had no case

for the jury. We are equally clear that the court did not err in refusing to charge that the provision of the contract as to time of delivery was waived by defendant taking the goods from the cars and receiving them. There were facts and circumstances disclosed by the evidence which made this conduct on the part of the defendant entirely proper.

We think the evidence admitted against the plaintiff's objection was proper, under the circumstances. The rule is well established that, under a general denial in an action on contract, the defendant may controvert by evidence anything which plaintiff is bound to prove in the first instance to make out his cause of action, or anything he is permitted to prove for that purpose. Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388. The plaintiff was bound to establish the contract, and the time of delivery was of the essence of that contract. It was competent, therefore, for the defendant to show that the contract was canceled after the date of delivery, and before the goods were shipped.

The judgment and order appealed from should be affirmed, with costs. All concur.