Nor can this agreement be considered as a simple contract between the parties, enforceable in a court of equity; for it is evident that the period is too indefinite. The condition relied upon for the termination of the agreement, to wit, when "said wall is obstructed so it is not available for advertising purposes," might never occur. To hold that such a contract was continuously enforceable in a court of equity, therefore, would be to incumber the realty with a restriction which might defeat its sale and prevent the owner from giving a marketable title. It would certainly be against the policy of the law to burden the land with a restriction founded upon an agreement not understood. Crosdale v. Lanigan, 129 N. Y. 610, 29 N. E. 824, 26 Am. St. Rep. 551.

Since the instrument is not a lease, and cannot be regarded as an easement, nor as a simple contract between the parties, it must be held to be a mere license, and as such, for the reasons above indicated, is revocable at the option of the owner. Crosdale v. Lanigan, supra. Such being the case, although it may seem a hardship upon the plaintiff that he may not be allowed to continue under what he evidently deems an advantageous agreement, he must be regarded as having knowledge of its uncertain duration under the law, and so to have assumed the risk that the so-called lease might be terminated at any time upon the exercise by the owner of his option to revoke the license.

Motion denied, without costs.

---

### CLARK v. FORD.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

CONTRACTS—PLEADING—GENERAL DENIAL.

    Where plaintiff alleged that he performed work for defendant in altering the heating apparatus in his house, furnished material, etc., and that the agreed price and reasonable value of services and material was, etc., defendant was entitled under a general denial to prove that plaintiff had previously put in the heating apparatus under a contract providing that it should produce 70 degrees of heat in zero weather, that the apparatus failed to develop this degree of heat, and that the work performed by plaintiff was to comply with the requirements of the original contract.

Appeal from Trial Term.

Action by Frank M. Clark, doing business under the name of John D. Clark's Son, against W. W. Ford. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Eben H. P. Squire, for appellant.
George A. Steves, for respondent.

LAMBERT, J. The plaintiff alleged as a cause of action that "on or about February 20, 1903, the plaintiff rendered services to and performed work for the defendant at his request in altering the heating apparatus in the house of defendant at White Plains, N. Y., and that

the plaintiff then and there furnished the material necessary in said work and incident thereto upon the like request," and that "the agreed price and reasonable value of said services performed and material furnished was $142.44." The answer of the defendant denies these allegations, and upon the trial, after the plaintiff had testified to the facts above alleged, the defendant offered to prove that the plaintiff had previously put in the heating apparatus under a contract which provided that it should produce 70 degrees of heat in zero weather, that the apparatus failed to develop this degree of heat, and that the work performed by the plaintiff was done for the purpose of bringing the apparatus up to the requirements of the original contract. This evidence was rejected by the learned court, and upon plaintiff's motion a verdict was directed; the defendant seasonably objecting, and taking exceptions to the rulings.

We believe the rule is too well settled to require elaborate discussion at this time that under a general denial the defendant may prove any state of facts which tends to show that the facts alleged and proved by the plaintiff in support of his cause are not true, or, to quote the language of the court in Griffin v. Long Island R. R. Co., 101 N. Y. 348, 354, 4 N. E. 740, 742:

"Under our system of practice, and under every rational, logical system of pleading, the defendant must, under a general denial, be permitted to controvert by evidence everything which the plaintiff is bound in the first instance to prove to make out his cause of action." Milbank v. Jones, 141 N. Y. 340, 345, 36 N. E. 388, 390.

Evidence that the plaintiff performed this work for the purpose of fulfilling his original contract completely disproved the cause of action set up by the plaintiff, and it was error to exclude the evidence.

Judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.