(95 Misc. Rep. 565)

### LEVINE v. KOSHER MATZOTHS BAKING CO., Inc.

(Supreme Court, Appellate Term, First Department.    June 28, 1916.)

1. SALES ⬥379—REMEDIES OF SELLER—ACTION FOR BREACH OF CONTRACT—EVIDENCE—ADMISSIBILITY.

In an action for damages for breach of contract for sale of goods, where the complaint alleged performance of the contract and the answer denied performance by plaintiff, defendant was entitled to introduce evidence tending to show that the goods delivered were not in accordance with the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1094; Dec. Dig. ⬥379.]

2. SALES ⬥379—REMEDIES OF SELLER—ACTIONS FOR BREACH OF CONTRACT—EVIDENCE—ADMISSIBILITY.

Defendant was also entitled to introduce proof in contradiction of plaintiff's testimony that the last delivery of the goods was accepted by defendant without objecting that they were not in accordance with the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1094; Dec. Dig. ⬥379.]

3. COURTS ⬥189(7)—MUNICIPAL COURTS—PLEADINGS—AMENDMENT—IMPOSITION OF COSTS—DISCRETION.

Under Municipal Court Code (Laws 1915, c. 279) § 93, subd. 2, allowing amendments at any stage of the cause if substantial justice will be promoted, and allowing the court to impose just terms, although an amendment asked for by defendant was unnecessary, as the evidence sought to be introduced was admissible under a general denial, the imposition of costs as terms for granting the amendment, where no claim of surprise or prejudice was made by plaintiff, was not "just," nor a proper exercise of the discretion vested in the trial court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 458; Dec. Dig. ⬥189(7).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Arthur S. Levine against the Kosher Matzoths Baking Company, Incorporated. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Nathan D. Shapiro, of Brooklyn, for appellant.

Goldstein & Goldstein, of New York City (Jonah J. Goldstein, of New York City, of counsel), for respondent.

GUY, J. The action is brought to recover damages for breach of contract for the sale and delivery of goods. The complaint alleges

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a delivery of part of the order and a refusal by defendant to pay therefor, and subsequent notice by defendant to plaintiff that it would not receive any more of the goods ordered, and a refusal by defendant to comply with its agreement. The answer is a general denial.

[1-3] Plaintiff testified to the making of the contract; to a delivery of part of the goods and payment therefor by defendant on delivery; to a subsequent delivery of an additional quantity of the goods and an acceptance thereof by defendant, with the statement that no question was raised as to their being in accordance with the contract, and a promise to pay therefor the following day; to a subsequent refusal to pay therefor on the ground that they were not in accordance with the contract, and a notification to plaintiff to take back the goods last delivered. Defendant then sought to introduce evidence showing that the goods delivered were not in accordance with contract, and negativing plaintiff's testimony as to defendant's unconditional acceptance of the last delivery of goods. This evidence was excluded by the learned trial judge, holding that such proof was inadmissible under defendant's general denial.

The exclusion of this evidence was error. The complaint alleged performance, and the answer denied performance by plaintiff. Under such denial defendant was entitled to introduce any evidence tending to show nonperformance by plaintiff of the terms of his contract. Bettenhasser v. Templars of Liberty, 58 App. Div. 61, 68 N. Y. Supp. 505; Millbank v. Jones, 141 N. Y. 340, 36 N. E. 388; Benton v. Hatch, 43 Hun, 142, affirmed 122 N. Y. 322, 25 N. E. 486. Defendant was also entitled to introduce proof in contradiction of plaintiff's testimony as to acceptance of the last delivery of the merchandise. While the amendment asked for by the defendant was unnecessary, as ·the evidence sought to be introduced was admissible under the general denial, we are of opinion that the imposition of costs as terms for the granting of an amendment of the character applied for, where no claim of surprise or prejudice is made by the other side, is not "just," as required by section 93, subd. 2, of the Municipal Court Code (Laws 1915,. c. 279), and is not a proper exercise of the discretion vested in the trial judge by said section.

The judgment must therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.